UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOUGHT, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>ORACLE CORPORATION, et al.,<br><br>   Defendants. | Case No.  12-cv-05601-WHO<br><br>**ORDER GRANTING MOTION TO LIMIT CLAIMS**<br><br>Re: Dkt. No. 42 |

On October 9, 2013, the Court heard argument on defendants' Motion to Limit the Number of Asserted Claims. For the following reasons, the Court GRANTS that motion.

## BACKGROUND

In this patent infringement action, plaintiff alleges that defendants' products which embody the Enterprise JavaBeans (EJB) 3.0 specification and Java Persistence API java programming language, infringe seven different patents owned and/or assigned to Thought:

- U.S. Patent No. 5,857,197 (the '197 Patent), entitled *System and Method for Accessing Data Stores as Objects*.

- U.S. Patent No. 6,985,912 (the '912 Patent), entitled *Dynamic Object-Driven Database Manipulation and Mapping System Having a Simple Global Interface and an Optional Multiple User Need Only Caching System with Disable and Notify Feature*.

- U.S. Patent No. 6,999,956 (the '956 Patent), entitled *Dynamic Object-Driven Database Manipulation and Mapping System*.

- U.S. Patent No. 7,043,481 (the '481 Patent), entitled *System, Method, and Software for Creating, Maintaining, Navigating, or Manipulating Complex Data Objects and Their Data Relationships*.

- U.S. Patent No. 7,103,600 (the '600 Patent), entitled *Displayable Presentation Page and SQL Searchable Relational Data Source Implementation of a System, Method, and Software for Creating or Maintaining Distributed Transparent Persistence of Complex Data Objects and Their Data Relationships*.

- U.S. Patent No. 7,149,730 (the '730 Patent), entitled *Dynamic Class Inheritance and Distributed Caching with Object Relational Mapping and Cartesian Model Support in a Database Manipulation and Mapping System*.

- U.S. Patent No. 7,176,862 (the '862 Patent), entitled *Session Bean Implementation of a System, Method, and Software for Creating or Maintaining Distributed Transparent Persistence of Complex Data Objects and Their Data Relationships*.

These patents, generally, cover "object to relational mapping technologies." Complaint ¶ 13. The parties have exchanged infringement and invalidity contentions, their proposed claim constructions, as well as "core" technological documents. The parties Joint Claim Construction Statement is due on October 29, 2013. At this juncture, plaintiff is asserting all 102 claims from its seven patents against Oracle. Arguing that the number of claims makes this case unmanageable and litigation unduly inefficient, Oracle has moved to limit the number of claims Thought can assert for purposes of claim construction and trial. Specifically, Oracle wants the Court to limit Thought to asserting no more than 10 claims per patent and 32 total by October 18, 2013; and then no more than 5 claims per patent and 16 claims total within 28 days after the Court issues its Claim Construction Order, absent a showing of good cause.

Thought opposes that motion and cross-moves to bifurcate the litigation, so that the '197, '600, and '862 patents, which relate to the technology of "transparent persistence of data," are litigated first. In that first phase, Thought would agree to limit the asserted claims to 32. The second phase, which Thought proposes should be fully stayed until a judgment is reached in phase 1, will litigate the remaining four patents ('956, '730, '912 and '481), and will likewise be limited to 32 claims.

## DISCUSSION

### I. LIMITATION OF CLAIMS

District courts possess the authority to limit patent claimants to a set of representative claims. *See In re Katz Interactive Call Processing Patent Litig*., 639 F.3d 1303, 1313-14 (Fed. Cir. 2011); *Stamps.com Inc. v. Endicia, Inc*., 437 F. App'x 897, 902 (Fed. Cir. 2011), *reh'g denied* (Aug. 1, 2011) (unpublished). In determining whether to require parties limit the number of

claims asserted, courts look to the number of patents and claims at issue and the feasibility of trying the claims to a jury. Courts should also look to whether the patents at issue have common genealogy, whether the patents contain terminal disclaimers, and whether the asserted claims are duplicative. *Id.*, 639 F.3d at 1311. Even after requiring parties to limit the number of claims at issue for claim construction or trial, courts should allow patent holders to bring back in non-selected claims upon a showing of "good cause" that the non-selected claims present unique issues of infringement or invalidity. *See Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 284 (D. Del. 2013) (relying on *Stamps.com*, 437 Fed. Appx. at 902).

In its motion and reply, Oracle argues that limitation is necessary, first, to make the case manageable for the Court by limiting the complexity of claim construction, summary judgment and trial, and second, to make the case manageable for the parties by, for example, streamlining expert discovery and the expert reports. Oracle also proposes that to further streamline the case, it will limit itself – once Thought has limited the claims at issue – to asserting no more than 12 prior art references against each patent and not more than 40 total. In support of its motion, Oracle argues that there is significant overlap between the claims being asserted (identifying seven specific examples), noting that despite the presence of seven patents there are only two primary Oracle products implicated by the infringement allegations (Top Link and Eclipse Link), and noting that three of the patents have terminal disclaimers in light of the claims of other patents in this case, which likewise indicate overlap between the patents. *See* Motion at 9-12; Reply Br. at 6-7.

Thought objects to the limits proposed by Oracle and suggests, instead, that the case be bifurcated so that Thought can try three related patents and 32 claims in "phase 1" and the remaining four patents and 32 claims in "phase 2." Thought's primary argument against being forced to reduce its claims while proceeding with all seven patents, is that Oracle has failed to demonstrate a "prima facie" case of duplication between the 102 patent claims being asserted as required by the Federal Circuit in *In re Katz. See* Oppo. Br. at 4-6 and 6-9.

As an initial matter, the Court does not agree that *In re Katz* requires defendants to make a prima facie showing of duplication in order to require a reduction in the number of asserted claims

1  from a demonstrably unmanageable amount, here 102, to a manageable one. As the *In re Katz*
2  Court recognized, in complex actions district courts have "broad discretion" in administering their
3  cases, as long as the parties' due process rights are protected. *In re Katz*, 639 F.3d at 1313; *see*
4  *also Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d at 283 (rejecting argument that
5  *In re Katz* recognized duplication as the only ground supporting narrowing of claims). Oracle has,
6  however, identified some of the 102 asserted claims that it contends demonstrate duplication.
7  Oracle also identifies that three of the patents have terminal disclaimers tied to other patents in this
8  case, supporting their contention that there is duplication.

9      Thought admits that one set of claims identified by Oracle is duplicative (claims 6 and 11
10 of the '912 patent), but argues that other six identified by Oracle are not because the scope of the
11 claims is not identical. *See e.g.,* Oppo. Br. at 7 (arguing Claims 1 and 10 of '862 patent are
12 narrower than Claims 1 and 9 of '600 patent); at 7-8 (arguing Claim 5 of the '862 patent is
13 narrower than Claim 2 of the '600 patent). Thought contends that while it may be able to drop one
14 or more of these claims after claim construction, it should not be forced to "forfeit them
15 prematurely" since they "clearly" present different issues for infringement and invalidity.

16     Thought, however, does not explain in context how the differences in the scope of some
17 the exemplar claims identified by Oracle raise unique questions of infringement or invalidity. As
18 the Federal Circuit noted "[w]hile different claims are presumed to be of different scope, that does
19 not mean that they necessarily present different questions of validity or infringement." *In re Katz*,
20 639 F.3d at 1313.

21     Moreover, the parties have already exchanged infringement and invalidity contentions,
22 preliminary claim constructions and core technical documents. Yet, Thought does not make any
23 affirmative attempt to show how the differences in scope between some of the claims will have a
24 significant impact on invalidity (in light of the prior art references disclosed by Oracle) or on
25 infringement (in light of what Thought knows about the accused products). *Cf. id*. at 1311 ("when
26 the claimant is in the best position to narrow the dispute, allocating the production burden to the
27 claimant will benefit the decision-making process and therefore will not offend due process unless
28 the burden allocation unfairly prejudices the claimant's opportunity to present its claim.").

United States District Court
Northern District of California

1 Similarly, Thought does not make any affirmative argument as to why it needs to assert 32 claims
2 as to the three related patents it now wants to litigate first, and then 32 claims as to the other four
3 patents it wants to litigate second, under its proposed bifurcation plan.

4 Thought does not argue that it has insufficient discovery or understanding as to how
5 defendants' accused products operate in order to intelligibly select claims. *Cf. Fleming v. Cobra*
6 *Electronics Corp.*, 1:12-CV-392-BLW, 2013 WL 1760273 (D. Idaho Apr. 24, 2013) (declining to
7 force the plaintiff to limit claims before the plaintiff has conducted the discovery necessary to
8 determine what claims are dispensable). The lack of that argument is telling in this case where
9 Oracle asserts – and Thought does not contest – that the vast majority of Thought's 102 asserted
10 claims focus on the object-relational-mapping functionality of only two of Oracle's software
11 products. Finally, the fact that Thought – until its cross motion to bifurcate – was asserting *every*
12 possible claim (all 102) from its patents, indicates that Thought has not made a good faith effort to
13 streamline this case for Claim Construction and trial.

14 Importantly, the reduction in asserted claims is not immutable. Thought may move the
15 Court to allow it to bring back in unselected claims for good cause, showing that specific
16 unselected claims raise unique questions of invalidity or infringement in light of recently secured
17 discovery, the Court's Claim Construction, etc. Relatedly, Thought admits that at some point it
18 will have to narrow down the claims it is asserting. Thought argues that it cannot make that
19 determination now because it cannot determine which claims are redundant or more or less likely
20 to be infringed or invalid until the claims are construed. Oppo. Br. at 16. However, the Court
21 believes that *after* claim construction Thought will be in a better position to argue, and the Court
22 (post tutorial and *Markman*) in a better position to determine, whether there is good cause to bring
23 back in claims dropped in the initial selection process and whether Thought should be further
24 limited to prosecuting only 5 claims per patent and 16 total on summary judgment and at trial.

25 Finally, the Court notes that Thought's proposed bifurcation – splitting its seven patents
26 into two totally separate litigation phases – is neither more fair to the parties nor more efficient for
27 the Court. Requiring two separate tracks for claim construction, fact and expert discovery, and
28 trial will only require more resources from the parties and the Court.

## II. NUMBER OF PRIOR ART REFERENCES

Oracle has agreed to limit the number of prior art references it is asserting against each patent to 12, and not more than 40 total. However, Oracle argues that the 12 references it selects against each patent, as well as the 40 total, should include *both* single obviating references as well as combinations which contain multiple references. Motion at 16. Thought objects, arguing that because Oracle could (and has disclosed in its invalidity contentions) combinations of 7 to 8 references, Oracle's proposed limit is effectively meaningless for purposes of streamlining the litigation. At the hearing, Oracle also argued that the limit should exclude references used to support a prior art "systems" reference, *e.g.*, documents used to demonstrate that a software system is obviating prior art.

The Court agrees that Oracle's proposal is not limited enough. The Court, therefore, requires Oracle, fourteen days following Thought's Preliminary Election of Asserted Claims, to make a Preliminary Election of Asserted Prior Art, selecting no more than18 prior art references against each patent, and not more than 50 in total. Following the issuance of the Claim Construction Order and after Thought makes its Final Election of Asserted Claims, Oracle shall make a Final Election of Asserted Prior Art, selecting no more than 9 prior art references per patent and no more than 25 total. On both elections, each reference listed as part of an obviating combination shall count towards the per patent and total limit. Similarly, each document supporting a prior art "system" reference shall count towards the per patent and total limit. However, as with respect to the claim limitations, Oracle may seek relief from these limits upon a showing of good cause.

## CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Thought shall make a Preliminary Election of Asserted Claims, identifying no more than 10 claims per patent and no more than 32 claims total to pursue pre-Claim Construction, by October 21, 2013. After the Court issues its Claim Construction Order, Thought will have 28 days to make a Final Election of Asserted Claims and further limit the claims being asserted to no more than 5 claims per patent and 16 total.

1 However, before the expiration of that 28-day period, Thought may move the Court for
2 permission to bring back unselected claims – based on a showing of good cause that
3 unselected claims present unique issues as to validity or infringement – and/or seek a
4 Court order allowing it to increase the number of claims at issue above the presumptive
5 5 claims per patent and 16 total.

6 2. By November 4, 2013, Oracle shall make a Preliminary Election of Asserted Prior Art,
7 selecting the 18 prior art references it will assert against each Thought patent, with no
8 more than 50 total. Within 14 days after Thought makes its Final Election of Asserted
9 Claims, Oracle shall make its Final Election of Asserted Prior Art, limiting its
10 references to no more than 9 per patent and 25 total. With respect to both elections,
11 each reference listed as part of an obviating combination shall count towards the per
12 patent and total limit. Similarly, each document supporting a prior art "system"
13 reference shall count towards the per patent and total limit. However, as with respect
14 to the claim limitations, Oracle may seek relief from these limits upon a showing of
15 good cause prior to making its Final Election of Asserted Prior Art.

**IT IS SO ORDERED**.

Dated: October 10, 2013

WILLIAM H. ORRICK
United States District Judge