KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (State Bar No. 107988)
jgilliland@kilpatricktownsend.com
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
mboroumand@kilpatricktownsend.com
STEVEN D. MOORE (State Bar No. 290875)
smoore@kilpatricktownsend.com
BENJAMIN M. KLEINMAN-GREEN (State Bar No. 261846)
bkleinman-green@kilpatricktownsend.com
Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
Telephone: 415 576 0200
Facsimile: 415 576 0300

KILPATRICK TOWNSEND & STOCKTON LLP
ROBERT J. ARTUZ (State Bar No. 227789)
rjartuz@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA 94025
Telephone: 650 326 2400
Facsimile: 650 326 2422

Attorneys for Defendants
ORACLE CORPORATION, ORACLE AMERICA, INC.
AND ORACLE INTERNATIONAL CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| THOUGHT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, a Delaware corporation; ORACLE AMERICA, INC. a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Defendants. | Civil Action No. C12-5601 WHO<br><br>**ORACLE'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER RE: REDUCTION OF CLAIMS AND PRIOR ART REFERENCES [DKT. NO. 50]**<br><br>**CIVIL L.R. 7-9**<br><br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick |



# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. ARGUMENT .........................................................................................................................5

    A. The Court Should Clarify Whether It Intended to Limit Prior Art References Only, or Also to Limit Corroborating Evidence ........................................................................................................5

        1. Pieces of Corroborating Evidence, Including Documents and Witness Testimony, Are Not Treated as Separate Prior Art References ........................................5

        2. Oracle's Understanding of the Order is Consistent with the Model Order, Recent Authority from this Court, and the Parties' Briefing and Prevents the Imposition of Unilateral Restrictions on Oracle ................................8

    B. In the Alternative, if the Court Meant For Each Piece of Corroborating Evidence to Count as a Separate Reference, Oracle Seeks Leave to Move for Reconsideration of the Order ........................................................................................................9

        1. Legal Standard for Seeking Leave to File a Motion for Reconsideration ..................................................................................10

        2. The Court May Have Overlooked Material Facts and Dispositive Legal Authority Demonstrating that the Court's Order Is Too Strict ..................................................10

        3. New Legal Authority Has Emerged Since the Court Issued Its Order ......................................................................................11

IV. CONCLUSION ....................................................................................................................12


ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK
RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

i

# TABLE OF AUTHORITIES

PAGE

**CASES**

*Adenta GmbH v. OrthoArm, Inc.*,
 501 F.3d 1364 (Fed. Cir. 2007) ................................................................................................ 6

*CEATS, Inc. v. Continental Airlines, Inc.*,
 No. 2012-1614, 2013 WL 1776814 (Fed. Cir. April 26, 2013) ........................................... 7, 8

*Cognex Corp. v. Microscan Systems, Inc.*,
 No. 13, Civ. 2007(JSR), 2013 WL 5550092 (S.D.N.Y. Sep. 30, 2013) .................................. 5

*Finnigan Corp. v. ITC*,
 180 F.3d 1354 (Fed. Cir. 1999) ................................................................................................ 6

*Generac Power Sys., Inc. v. Kohler Co.*,
 No. 11–CV–1120–JPS, 2012 WL 6562153 (E.D. Wis. Nov. 29, 2012) .................................. 7

*Hopkins v. Bonvicino*,
 C 05-02932 JSW, 2011 WL 995961 (N.D. Cal. Mar. 21, 2011) ........................................... 10

*IP Innovation L.L.C. v. Red Hat, Inc.*,
 No. 2:07–cv–447 (RRR), 2010 WL 9501469 (E.D. Tex. Oct. 13, 2010) ................................. 7

*Juicy Whip, Inc. v. Orange Bang, Inc.*,
 292 F.3d 728 (Fed. Cir. 2002) .................................................................................................. 6

*Largan Precision Co, LTD v. Genius Electronic Optical Co., Ltd.*,
 C.A. No. 13-cv-02502-WHO (N.D. Cal. Oct. 22, 2013) (Dkt. No. 30) ............................. 8, 11

*Meyer Intellectual Properties Ltd. v. Bodum, Inc.*,
 690 F.3d 1354 (Fed. Cir. 2012) ............................................................................................ 7, 8

*Microsoft Corp. v. i4i Ltd. Partnership*,
 131 S. Ct. 2238 (2011) ............................................................................................................. 6

*Sanofi-Synthelabo v. Apotex, Inc.*,
 470 F.3d 1368 (Fed. Cir. 2006) ................................................................................................ 5

*Ultra-Tex Surfaces, Inc. v. Hill Bros. Chemical Co.*,
 204 F.3d 1360 (Fed. Cir. 2000) ................................................................................................ 7

*Unwired Planet LLC v. Google, Inc.*,
 C.A. No. 3:12-CV-0504-MMD (D. Nev. Oct. 10, 2013) (Dkt. No. 188) ........................... 9, 10

*Woodland Trust v. Flowertree Nursery, Inc.*,
 148 F.3d 1368 (Fed. Cir. 1998) ................................................................................................ 6


ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

ii

**STATUTES**

35 U.S.C. § 102 (2010) .................................................................................................. 2, 3, 4, 5

35 U.S.C. § 103 (2010) ............................................................................................................ 5

Leahy–Smith America Invents Act, Pub.L. No. 112–29, 125 Stat. 284 (2011) ............................ 5

**OTHER AUTHORITIES**

Eastern District of Texas General Order No. 13-20 ................................................................. 11

Federal Rule of Civil Procedure 1 ............................................................................................. 1

Northern District of California Civil L.R. 7-9 ........................................................................ 10



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK
RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

iii

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      Please take notice that Defendants Oracle Corporation, Oracle America, Inc. and Oracle

3  International Corporation (collectively, "Oracle") will and hereby do move, pursuant to Fed. R. Civ.

4  P. 1, for clarification or in the alternative, leave to seek reconsideration of the Court's Order

5  regarding the Reduction of Claims and Prior Art References in this litigation. This motion is being

6  brought before the Honorable William H. Orrick. Oracle has not sought a hearing date for the

7  motion due to the procedural stance of the relief being sought, but is prepared to do should the

8  Court so require.

9  **I.    INTRODUCTION**

10     Defendants Oracle Corporation, Oracle America, Inc., and Oracle International Corporation

11 (collectively, "Oracle") respectfully request clarification of a portion of the Court's October 10,

12 2013, Order (Dkt. No. 50) (the "Order") concerning limits on the number of prior art references on

13 which Oracle may rely to prove invalidity of the asserted patent claims. In the alternative, Oracle

14 seeks leave to file a motion for the Court to reconsider a portion of its Order.

15     Specifically, the Order states that "each document supporting a prior art 'system' reference

16 shall count towards the per-patent and total limit." Order at 7. By this language, Oracle believes

17 the Court meant to limit the number of independent prior art *references* (whether patents,

18 publications, or systems) and not to limit the overall amount of documentary evidence that Oracle

19 may offer regarding the prior art systems it relies on (various versions of the TOPLink and

20 EOF/WebObjects systems). Indeed, Oracle must prove by clear and convincing evidence that the

21 TOPLink and EOF systems invalidate Thought's patent claims, and must corroborate testimony it

22 offers relating to these prior art systems (*e.g.*, testimony about how each system operated and

23 when it was used or offered for sale). Therefore, Oracle must be able to offer sufficient evidence,

24 including corroborating documents, to meet this burden. Thought believes, alternatively, that the

25 Court intended to place a cumulative limit on evidence that Oracle can use to prove that the prior

26 art systems invalidate – if Oracle offers a witness to testify, and a manual and invoice to

27 corroborate that testimony, Thought contends that doing so counts as 3 of Oracle's permitted

28 "references" under the Order. (Declaration of Steven Moore in Support of Oracle's Motion for



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER     1
CASE NO. C12-5601 WHO

1  Clarification or Reconsideration ("Moore Decl."), ¶ 1.)

2  Oracle thus requests that the Court clarify its Order because: (1) the law does not recognize
3  each piece of corroborating evidence of a prior art *system* as a separate prior art *reference* within
4  the meaning of 35 U.S.C. § 102 (2010); rather, the system as a whole is the single piece of prior
5  art that is fairly considered the "reference;" (2) such a limit on corroborating evidence would be
6  inconsistent with the Federal Circuit Advisory Council's Model Order and at least one recent case
7  management order from this Court; (3) neither party argued that the Court should place a limit on
8  corroborating evidence of prior art systems; and (4) such a limit would create an unfair imbalance
9  in the parties' respective burdens of proof, for just as Thought is not limited in the number of
10 documents it can use to try to prove infringement of an asserted claim, Oracle should not be
11 limited in the number of documents it can use to try to prove that a single prior art system
12 invalidates an asserted claim.

13 If the Court intended to restrict the amount of corroborating evidence on which Oracle can
14 rely for prior art systems as Thought believes it did, Oracle respectfully requests leave to move for
15 reconsideration of that portion of the Order. In such a case: (1) the Court may have overlooked
16 material facts and dispositive case law demonstrating that such limits are unnecessary,
17 inappropriate, and unfair; and (2) there is new legal authority, including an order that applies to all
18 cases in the Eastern District of Texas and the above-mentioned Order from this Court that does not
19 impose such limits for prior art systems.

20 **II.    BACKGROUND**

21 In its infringement contentions, Thought accused Oracle of infringing every single claim of
22 all seven patents-in-suit, a total of 102 claims. Oracle filed a Motion to Limit Asserted Claims
23 ("Oracle's Motion"). Dkt. No. 42. Oracle urged the Court to adopt the Federal Circuit Advisory
24 Council's Model Order (the "Model Order"), which sets out a practical strategy to limit both the
25 number of asserted claims and the number of asserted prior art references.[1] Dkt. No. 42-2, Exh. 1.

---

[1] As discussed below, several courts, including this one, have applied the Model Order, and the Eastern of District of Texas recently adopted the Model Order as a Local Order, tailoring it for local use and adopting one relevant change.



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK
RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

2

1  For a case with seven asserted patents, the Model Order requires the plaintiff to reduce the number
2  of asserted claims to no more than 10 claims per patent and 32 claims total. Similarly, the
3  defendant is required to reduce the number of prior art references to no more than 12 references
4  per patent and 40 references total.[2] The Model Order does not limit the evidence that a plaintiff
5  may use to show infringement or that a defendant may use to demonstrate that a prior art system
6  invalidates the asserted claims.

7  Rather, the Model Order recognizes that a prior art "instrumentality" (*e.g.*, a product,
8  device, system, process or method) counts as a single "reference," even though multiple
9  documents may "describe" that instrumentality. Specifically, the Model Order states: "[A] prior art
10 instrumentality (such as a device or process) and associated references that describe that
11 instrumentality shall count as one reference, as shall the closely related work of a single prior
12 artist." *Id.* at n.2.

13 In its opposition to Oracle's Motion, Thought argued that prior art references used to prove
14 obviousness should count as separate references for purposes of the Model Order's limit. Dkt. No.
15 48 at 16-17. Thought did not object, however, to the Model Order's provision regarding a prior art
16 instrumentality counting as one reference, regardless of how many documents are offered in
17 support of it. Because Thought did not object to this provision, Oracle did not address it in its
18 reply brief.

19 On October 9, 2013, the Court heard oral argument on Oracle's Motion. During the
20 hearing, the Court stated it was inclined to grant Oracle's motion and deny Thought's cross-
21 motion to bifurcate the case. The Court then heard argument concerning the following issues: (1)
22 bifurcation, (2) the specific asserted claim/reference limits, and (3) how to count references that
23 are used to prove obviousness. Oracle explained that its proposed order, like the Model Order, did
24 not place a limit on the number of documents (*e.g.*, product manuals, specifications, source code,
25 etc.) that Oracle could use to describe or corroborate a prior art instrumentality such as a prior art
26 system. In response, Thought did not argue that these corroborating documents should count as

---

[2] A further reduction in asserted claims and prior art references is required after the court issues a claim construction order. *See* Dkt. No. 42-2, Exh. 1 at 8.



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK
RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

3

1 separate references for purposes of the Court's prior art reference limit.[3]

2 On October 10, the Court granted Oracle's Motion, and largely adopted the Model Order. Dkt. No. 50. With respect to prior art references, the Court granted Oracle 50 references instead of the 40 set forth in the Model Order, but also ordered that each reference used to prove obviousness count as a separate reference for purposes of the 50 reference limit.[4] *Id.* at 7. The Order further states that, "each document supporting a prior art 'system' reference shall count toward the per-patent and total limit." *Id.* at 6. It is this latter statement as to which Oracle seeks clarification.

Oracle believes the Court's statement means that if Oracle relies on a document relating to a prior art system as an independent prior art reference (*e.g.*, a user's manual that may qualify as prior art in its own right, as a published description of an invention under 35 U.S.C. § 102(a)(2010)), then that specific document counts toward the Court's limit in addition to the prior art system. If Oracle does not use such a document as an independent reference, but only uses it in conjunction with other evidence to corroborate that the claimed invention was used, sold, or known (*e.g.*, invoices to show a sale and specifications and a manual to demonstrate that the sold system embodied the claimed invention), then that document alone would not separately count towards the Court's limit.

Oracle has recently learned that Thought believes the Court's statement means that each piece of corroborating evidence (*i.e.*, any of the multiple pieces of evidence that may be used to establish a sale of a system or that the system embodied the claimed invention) – even witness testimony – counts toward the limits. (Moore Decl., ¶ 1.) Oracle believes Thought is misconstruing the Court's language, and because of the importance of this issue, Oracle now seeks clarification.

---

[3] At the hearing, Thought's counsel did, at one point, suggest that the parties could meet and confer regarding the amount of corroborating evidence on which Oracle could rely, but at no time did Thought argue that there should be some type of hard limit on the number of pieces of corroborating evidence on which Oracle could rely for its defense of invalidity.

[4] This is in contrast to other recent orders adopting the Model Order, such as the Eastern District of Texas General Order discussed below. That General Order adopts the Model Order's limits on prior art references, but counts each obviousness *combination* as a single reference (as opposed to counting each element of that combination).

ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

4

### III. ARGUMENT

#### A. The Court Should Clarify Whether It Intended to Limit Prior Art References Only, or Also to Limit Corroborating Evidence

For at least the following reasons, Oracle believes that the Court did not intend to limit the amount of corroborating evidence of a prior art system on which Oracle can rely: (1) the law does not recognize pieces of corroborating evidence as separate prior art references within the meaning of 35 U.S.C. § 102 (2010); (2) such a limit would be inconsistent with the Model Order and at least one recent case management order from the Court; (3) neither party argued that the Court should place a limit on corroborating evidence; and (4) such a limit would unfairly constrain Oracle from offering proof relating to prior art systems, while not restricting the amount of proof of infringement that Thought may offer.

##### 1. Pieces of Corroborating Evidence, Including Documents and Witness Testimony, Are Not Treated as Separate Prior Art References

There are two ways to invalidate a patent claim with prior art: (1) by showing that the claimed invention was anticipated by the prior art and (2) by showing that the claimed invention was obvious in view of the prior art to a person of ordinary skill in the art at the time of the alleged invention. *See* 35 U.S.C. §§ 102 and 103 (2010).[5] For a claimed invention to be anticipated, all limitations of the asserted claim must be disclosed in a ***single*** prior art reference. *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1375 (Fed. Cir. 2006).

A prior art "reference" for purposes of § 102 can be a single document such as a patent or publication that was publicly accessible prior to the alleged invention. *See, e.g.*, 35 U.S.C. § 102(b) (2010) (patent claim is invalid where "the invention was patented or described in a printed publication in this or a foreign country"). However, the single anticipating prior art reference also can be the use, knowledge, sale, or offer for sale of a prior art instrumentality (*e.g.*, a product, device, system or method). *See, e.g.*, 35 U.S.C. § 102(b) (2010) (patent claim invalid where "the

---

[5] The 2010 versions of § 102 and § 103, as they existed before amendment in the America Invents Act ("AIA"), apply in this case. *See* Leahy–Smith America Invents Act, Pub.L. No. 112–29, 125 Stat. 284 (2011), Section 3; *Cognex Corp. v. Microscan Systems, Inc.*, No. 13, Civ. 2007(JSR), 2013 WL 5550092, *2 n.1 (S.D.N.Y. Sep. 30, 2013).



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

5

1  invention was . . . in public use or on sale in this country, more than one year prior to the date of
2  the application for patent in the United States"). In either case, to prove a patent claim invalid in
3  litigation, the defendant bears the burden of proof by clear and convincing evidence. *Microsoft*
4  *Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238 (2011).

5  When an infringement defendant relies on the use or sale of a prior art system or other
6  instrumentality, the defendant may present testimony about the operation of the system *and* how
7  and when it was used or sold. The defendant generally may not, however, rely solely on witness
8  testimony about a prior art system (particularly testimony by an interested party), but must also
9  present evidence such as documents or other tangible items that corroborate witness testimony
10 about a prior art system. *See, e.g., Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 737-38
11 (Fed. Cir. 2002) ("Generally, oral testimony of prior public use [of a prior art system] must be
12 corroborated in order to invalidate a patent."); *Finnigan Corp. v. ITC*, 180 F.3d 1354, 1366-67
13 (Fed. Cir. 1999) ("Mere testimony concerning invalidating activities is received with further
14 skepticism because such activities are normally documented by tangible evidence such as devices,
15 schematics, or other materials that typically accompany the inventive process"); *Woodland Trust*
16 *v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1373 (Fed. Cir. 1998) (uncorroborated testimony is
17 viewed skeptically because of "the ubiquitous paper trail of virtually all commercial activity. It is
18 rare indeed that some physical record (*e.g.*, a written document such as notes, letters, invoices,
19 notebooks, or a sketch or drawing or photograph showing the device, a model, or some other
20 contemporaneous record) does not exist.").

21 It is thus crucial that Oracle be permitted to introduce multiple pieces of documentary
22 evidence to corroborate testimony of what the prior art systems it relies on did *and* whether they
23 were used, known, or sold before a particular date. This corroborating evidence can take many
24 forms (*e.g.*, manuals, specifications, source code, sales records, news articles or the system itself).
25 Moreover, on top of the requirement of corroboration, since invalidity must be proven by clear and
26 convincing evidence, it is critical that Oracle be permitted to introduce a sufficient amount of
27 persuasive documentary evidence of the prior art systems to meet this burden of proof. *See, e.g.,*
28 *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1372 (Fed. Cir. 2007) (affirming denial of



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK
RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

6

1  judgment as a matter of law because five testifying witnesses and at least seven pieces of

2  documentary evidence sufficiently corroborated that a particular piece of prior art embodying the

3  alleged invention was used or sold so as to invalidate).

4         Numerous Federal Circuit cases recognize these principles and emphasize the distinction

5  between use, sale, or knowledge of an invalidating prior art instrumentality, on the one hand, and

6  corroborating evidence of that same prior art instrumentality, on the other. *See, e.g.,CEATS, Inc. v.*

7  *Continental Airlines, Inc.*, No. 2012-1614, 2013 WL 1776814, *4-5 (Fed. Cir. April 26, 2013)

8  (various documents corroborating testimony as to public use or sale of a system are corroborating

9  evidence of "testimony that the public Expedia 2.0 *system* contained the claimed functionality and

10 thus anticipated the asserted claims") (emphasis added); *Meyer Intellectual Properties Ltd. v.*

11 *Bodum, Inc.*, 690 F.3d 1354, 1377 (Fed. Cir. 2012) ("Although Meyer convinced the district court

12 that Bodum's reliance on the catalogs and drawings was an attempt to establish those documents

13 as prior art to get around the court's prior orders limiting the scope of prior art admissible at trial,

14 it is clear that Bodum was relying on those documents to corroborate Jorgen's testimony—not as

15 independent prior art"); *Ultra-Tex Surfaces, Inc. v. Hill Bros. Chemical Co.*, 204 F.3d 1360, 1366

16 (Fed. Cir. 2000) (testimony about prior art use or sale was corroborated by samples of the products

17 allegedly used or sold and correspondence discussing the use or sale).

18        District courts have reached similar conclusions. In *IP Innovation*, for example, a

19 defendant relied on a single prior art system, the "Chan system," to show that one or more claims

20 of an asserted patent were anticipated. *IP Innovation L.L.C. v. Red Hat, Inc.*, No. 2:07–cv–447

21 (RRR), 2010 WL 9501469, *4 (E.D. Tex. Oct. 13, 2010). Chief Judge Rader of the Federal

22 Circuit, sitting by designation, recognized that the individual pieces of evidence on which the

23 defendant was relying were not individually prior art; rather, that evidence was relied on

24 collectively to show how the Chan prior art system operated. *Id*. Similarly, in *Generac Power Sys.,*

25 *Inc.*, the court relied on multiple documents to understand how a single system operated for the

26 purpose of determining whether that system anticipated certain claims of an asserted patent.

27 *Generac Power Sys., Inc. v. Kohler Co.*, No. 11–CV–1120–JPS, 2012 WL 6562153, 14 n.5 (E.D.

28 Wis. Nov. 29, 2012) ) ("it is proper to examine all of the documents suggested by Kohler in

ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

7

1 determining whether the PowerCommand system anticipates").

2 In summary, for prior art systems or other instrumentalities whose public use, sale, or knowledge invalidates a patent claim, the prior art "reference" in question is the single system itself, and not each corroborating document or other pieces of evidence offered to satisfy the defendant's burden of proof and the corroboration rule.

**2. Oracle's Understanding of the Order is Consistent with the Model Order, Recent Authority from this Court, and the Parties' Briefing and Prevents the Imposition of Unilateral Restrictions on Oracle**

The Model Order states that "a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference." Dkt. No. 42-2, Exh. 1 at n.2.[6] In at least one recent case, this Court, *sua sponte*, adopted the Model Order and did not impose a limit on the amount of corroborating evidence of a prior art system or other instrumentality. In *Largan Precision Co, LTD v. Genius Electronic Optical Co., Ltd.*, the Court, during a case management conference, ordered the parties to abide by the asserted claim and prior art reference limits set forth in the Model Order. C.A. No. 13-cv-02502-WHO (N.D. Cal. Oct. 22, 2013) (Dkt. No. 30) (Moore Decl., Exh. A.) Because the Court's order in *Largan* did not alter the language of the Model Order, the Court did not place any restriction on the amount of corroborating evidence the defendant may use to show that a prior art reference anticipates a claim. Oracle believes that the Court had the same intention when it ruled on Oracle's Motion with respect to evidence of prior art systems or other instrumentalities.

The Model Order's express provision that exempts corroborating evidence from its limits on prior art references is not surprising because, as noted above, it is common practice to corroborate prior use or sale of an instrumentality with numerous, diverse pieces of evidence so as to satisfy the clear and convincing evidentiary burden. *See, e.g., CEATS, Inc.*, 2013 WL 1776814 at 3-5 ("contemporaneous documents and videos" including "test specification," "usability study videos," and "testing checklist" used to corroborate witness testimony); *Meyer*, 690 F.3d at 1377 (multiple drawings and catalogs relied upon to corroborate testimony as to the sale of certain

---

[6] In its Proposed Order to the Court, Oracle included the same language as in footnote 2 of the Model Order. Thought never challenged this language in its briefing or at the hearing. *See* Fn. 3.



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

8

1   products, where the sale of those products would invalidate the asserted patents).

2       Oracle is relying on use, sale, or knowledge of different versions of two prior art systems
3   (TOPLink and EOF/WebObjects) to demonstrate the invalidity of the asserted claims. To show
4   that these systems operated the same as the claimed inventions and were sold or used before a
5   particular date, Oracle will likely rely on many pieces of evidence, including, for example, source
6   code, user manuals, specifications, publications, and sales records, as well as witness testimony
7   describing these systems. Oracle may also introduce operable versions of the systems that were
8   used or sold. Limiting this type of evidence, especially at this early stage of the case, would be
9   impractical and would severely prejudice Oracle's ability to present its invalidity case based on
10  these prior art systems.

11      Accordingly, because the Model Order, case law, the realities of satisfying evidentiary
12  burdens relating to invalidity, and the briefing of the parties are all consistent with Oracle's
13  understanding,[7] Oracle requests that the Court clarify that its Order does not limit the number of
14  documents on which Oracle may rely to corroborate the operation, use, or sale of a prior art
15  system.

16      **B.    In the Alternative, if the Court Meant For Each Piece of Corroborating Evidence to Count as a Separate Reference, Oracle Seeks Leave to Move for
17  Reconsideration of the Order**

18      Courts have, on occasion, inadvertently placed overly narrow limits on the number of prior
19  art references that defendants could assert. Recently, for example, in *Unwired Planet LLC v.*
20  *Google, Inc.*, the district court issued an order that limited the number of prior art references that
21  the defendant could assert. C.A. No. 3:12-CV-0504-MMD (D. Nev. Oct. 10, 2013) (Dkt. No. 188)
22  (Moore Decl., Exh. B.) In that ten-patent case, the court initially limited the defendant to 40 prior
23  art references (and no more than 12 per patent) after claim construction and to 20 prior art
24  references (and no more than 4 per patent) before trial. *Id.* at 3.

25      The defendant moved for reconsideration. The court agreed with the defendant and revised

26  ---

27  [7] In the briefing Oracle offered to limit the number of prior art references that it would assert. But Oracle did not offer, and Thought did not request, for Oracle to limit the amount of evidence
28  Oracle could introduce to support prior art system references – just as Oracle did not seek to limit the amount of evidence Thought could offer to try to prove infringement of the asserted claims.

ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK
RECONSIDERATION OF THE COURT'S ORDER     9
CASE NO. C12-5601 WHO

1  its order to include less restrictive reference limits of "15 prior art references per independent
2  claim and 18 references per dependent claim" after claim construction and "5 references per
3  independent claim and 8 references per dependent claim before trial." *Id.* at 8. The court did so
4  because it recognized (1) that different claims, even in the same patent, might require different
5  prior art references and (2) that obviousness arguments might require multiple references. *Id.*

6  The court reconsidered its initial limits, which were similar to those in the Order, even
7  though it was limiting references and not corroborating evidence. Here, Oracle respectfully
8  requests leave to file a motion for the Court to reconsider that portion of the Order for the same
9  reasons that the defendant asked the Court to do so in *Unwired Planet*. Should the Court grant
10 Oracle's leave to seek reconsideration, Oracle will, as was done in *Unwired Planet*, request less
11 restrictive limits and ask that the Court revise its Order to remove any prior art reference limits
12 that were not requested during briefing.

### 1. Legal Standard for Seeking Leave to File a Motion for Reconsideration

Civil L.R. 7-9(a) provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" any party may request leave to file a motion for reconsideration of an interlocutory order. Civil L.R. 7-9(b) further states that leave is appropriate if a party shows a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3); *see also Hopkins v. Bonvicino*, C 05-02932 JSW, 2011 WL 995961, *1 (N.D. Cal. Mar. 21, 2011). Leave to file a motion for reconsideration is also appropriate if a party shows a "new material fact or a change of law occurring after the time of such an order." Civil L.R. 7-9(b)(2). Oracle's arguments below do not repeat any arguments previously submitted by Oracle in support of its Motion.

### 2. The Court May Have Overlooked Material Facts and Dispositive Legal Authority Demonstrating that the Court's Order Is Too Strict

The material facts that the Court may have overlooked when issuing its Order include: (1) that neither party requested the relief that the Court granted and (2) the Model Order on which Oracle and the Court relied already includes a provision that addresses the appropriate way to



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

10

count references for prior art instrumentalities. Additionally, the Court may have overlooked dispositive legal authority, discussed in Section III.A. *supra*, which states that documents used to describe or corroborate the operation, use or sale of a prior art instrumentality are not treated as separate prior art references. Although this authority was not raised in the parties' briefing, it would have been raised had there been a dispute about a limit on such documents. Because Thought never objected to the Model Order's default language in footnote 2, Oracle saw no reason to brief this area of the law. If the Court grants leave to seek reconsideration, Oracle will rely on this authority in seeking reconsideration.

Moreover, it appears that the Court overlooked the fact that in their respective briefs, neither party requested that the Court impose a limit on the evidence that can be used to describe or corroborate facts relating to an invaliding use, knowledge, or sale of the alleged invention. Oracle's Motion and proposed order relied almost exclusively on the Model Order, which explicitly states that all documents used to describe an instrumentality "shall count as one reference, as shall the closely related work of a single prior artist." Model Order at n.2. In its opposition, Thought never objected to this method of counting references for prior art instrumentalities. Moreover, at the hearing, Thought did not argue that these documents should count toward the Court's prior art reference limits. In view of this material fact, Oracle respectfully requests leave to seek the Court's reconsideration on this issue. Oracle further requests that the Court revise its Order and adopt the Model Order's provision that places no restrictions on the number documents that may be used to describe or corroborate a prior art instrumentality.[8]

### 3. New Legal Authority Has Emerged Since the Court Issued Its Order

On October 29, 2013, the Eastern District of Texas issued a General Order ("Texas General Order") adopting the Model Order, with slight modifications.[9] Eastern District of Texas

---

[8] Oracle's request is consistent with the fact that the Court appears to be adopting the Model Order in newly filed patent cases that include numerous patents and asserted claims. *See Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.* (Moore Decl., Exh. A and Section III.A.2, *supra*.)

[9] One substantive modification that the Texas General Order made is that, for the purposes of the



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK
RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

11

General Order No. 13-20. (Moore Decl., Exh. C.) Notably, the Texas General Order retained the relevant portion of Model Order footnote 2: "For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist." This new authority, which now applies by default to all newly filed E.D. Texas patent cases, further demonstrates that the Court should revise its Order to also adopt footnote 2 of the Model Order.

## IV. CONCLUSION

For the foregoing reasons, Oracle's motion for clarification should be granted and the Court should clarify that its limits on the number of prior art references does not include documents used to describe or corroborate facts relating to a prior art instrumentality. In the alternative, the Court should grant Oracle leave to seek reconsideration of the Court's Order. If such leave is granted, Oracle will promptly file a motion and a supporting brief that contains the arguments set forth in Section III.B, *supra*.

DATED: November 4, 2013        Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Robert J. Artuz*
    JAMES G. GILLILAND, JR.
    MEHRNAZ BOROUMAND SMITH
    STEVEN D. MOORE
    BENJAMIN M. KLEINMAN-GREEN
    ROBERT J. ARTUZ

Attorneys for Defendants
ORACLE CORPORATION, ORACLE AMERICA, INC. and ORACLE INTERNATIONAL CORPORATION

65797709V.4

---

Final Election of Asserted Prior Art, "each obviousness combination counts as a separate prior art reference."



ORACLE'S NOTICE AND MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LEAVE TO SEEK RECONSIDERATION OF THE COURT'S ORDER
CASE NO. C12-5601 WHO

12