UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOUGHT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE CORPORATION, et al.,<br><br>    Defendants. | Case No. 12-cv-05601-WHO<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 124 |

Defendant Oracle moves for leave to file a motion for reconsideration of the Claim Construction Order. Oracle argues that I erred in two significant respects: by concluding that "sufficient structure" in a means-plus-function claim could be identified by specifically linked software and by failing to appropriately apply the "correction" doctrine in construing ambiguous or awkward claim language. Docket No. 124.

I have considered Oracle's motion for leave – which lays out the exact arguments and case law Oracle intends to raise upon reconsideration – as well as Thought's response, and I DENY the motion for leave to file a motion for reconsideration.

With respect to the identification of a specifically piece of "linked" software to satisfy the algorithm requirement for means-plus-function claims, I recognize that the question is a close one. The Federal Circuit has been stringently applying the "disclosed algorithm" requirement in its recent cases. However, Oracle has not cited any case that expressly or implicitly rejects my conclusion that when a specifically identified piece of software is disclosed and expressly linked to perform the function at issue – *and* there is expert testimony that a person of ordinary skill in the art would readily understand how to use that disclosed software to perform the function at issue – that disclosure is sufficient to satisfy the algorithm requirement.

Federal Circuit precedent supports my conclusion. *Med. Instrumentation & Diagnostics*

*Corp. v. Elekta AB*, 344 F.3d 1205, 1212 (Fed. Cir. 2003) ("The correct inquiry is to look at the disclosure of the patent and determine if one of skill in the art would have understood that disclosure to encompass software for digital-to-digital conversion and been able to implement such a program, not simply whether one of skill in the art would have been able to write such a software program."). Here, there was no dispute that specifically identified software was disclosed in the specification and linked to each function at issue, and both sides' experts agreed the software could be implemented by persons reasonably skilled in the art to perform the functions at issue. In these circumstances, there are no grounds to reconsider my prior conclusion.

With respect to my construction of ambiguous or awkward claim language, whether or not the final determination is considered a "construction" or "correction," there is no need to reconsider my prior ruling. The final constructions were appropriate – either as a matter of construction or error correction – under applicable Federal Circuit precedent. *See, e.g., Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003) ("A district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims.").

In the Claim Construction Order, I addressed and rejected each of Oracle's attempts to manufacture "debate" and determined that the constructions or corrections adopted were not subject to *reasonable* debate when the claim language and specification were considered.

Oracle's request for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: December 16, 2014

WILLIAM H. ORRICK
United States District Judge