UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOUGHT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE CORPORATION, et al.,<br><br>    Defendants. | Case No. 12-cv-05601-WHO   (MEJ)<br><br>**DISCOVERY ORDER DENYING REQUEST TO COMPEL FINANCIAL DOCUMENT PRODUCTION**<br><br>Re: Dkt. No. 137 |

## INTRODUCTION

The Court is in receipt of the parties' joint discovery dispute letter, filed April 7, 2015. Dkt. No. 137. Plaintiff Thought, Inc. moves for an order compelling production of documents responsive to its Requests for Production ("RFP") Nos. 48 and 49, which request financial documents relating to "Accused Products." Jt. Ltr., Ex. A. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

According to Thought, this dispute resolves itself upon the proper construction of claim 7 of U.S. Patent No. 5,857,197 ('197 Patent), which it contends encompasses a combination of three distinct tiers of software: applications, middleware, and databases. Jt. Ltr. at 1. Thought maintains that it accused such combinations in its infringement contentions, and RFP Nos. 48 and 49 seek financial documents relating to Oracle's products accused of infringement. *Id.* & Exs. A, B. Thought contends that Oracle has unreasonably limited its production to a small subset of its middleware sales. *Id.* at 1.

In response, Oracle states that Thought's claimed inventions are directed to technology that appears only in Oracle's middleware, not in its databases or applications. *Id.* at 3. According to

1  Oracle, Thought's patents relate to a software technique called object relational mapping
2  ("ORM").  *Id.*  ORM is performed by middleware that converts object-oriented programming data
3  ("object data") into a format that can be stored in a relational database ("relational data") or vice
4  versa.  *Id.*  Oracle contends that Thought's patent claims do not concern the operation of front-end
5  applications that generate object data nor the back-end databases that store the relational data.  *Id.*
6  Instead, the applications and databases are merely the media upon which Thought's ORM
7  technology acts; there is no invention in the patents regarding how applications and databases
8  perform their functions.  *Id.*  Thus, Oracle argues that there is no basis to conduct discovery—
9  financial or otherwise—on its database and application products that merely interface with the
10 middleware.  *Id.* at 4.

Thought argues that Oracle's rationale fails based on the express terms of Thought's claims:

> Claim 7 of the '197 Patent (relevant portions below) expressly recites <u>in the body of the claim</u> (see rectangle) steps performed by software in three different layers: application software (underlined), middleware (italics), and database software (bold small caps):
>
> A method for accessing **AT LEAST ONE DATA STORE HAVING A DATA STORE CONTENT AND A DATA STORE SCHEMA** as at least one object from <u>at least one object application</u> comprising the steps of:
>
> … <u>communicating a request including an object comprising object attributes and an object name from the object application</u> to an adapter abstraction layer …
>
> *extracting the object attributes and the object name* from the object;
>
> *packing the object attributes and the object name* as data…
>
> **EXECUTING AT LEAST ONE SUCH COMMAND**; … .

*Id.* at 2.  Thought argues that there is no legally recognizable or protected "essential" element, gist, or heart of the invention in a combination patent; rather, the invention is defined by the claims, and discovery should be provided for all claimed elements.  *Id.*  It contends that Oracle's middleware products cannot alone perform all the steps in the body of claim 7, because only an application can perform the underlined portion above, and only a database can perform the portion

shown in bold small caps. *Id.* In lieu of the underlying documents, Thought has agreed to accept spreadsheets showing the requested information. *Id.* at 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

## DISCUSSION

The Court finds that Thought has failed to show why discovery into Oracle's non-middleware products is necessary. There is no dispute that middleware products can communicate object data to and from applications and can access a database for the storage of relational data. Dkt. No. 109 (previous joint letter) at 6. However, while Thought's patent claims concern middleware's ORM process, it has not shown that its patent claims concern the operation of front-end applications that generate object data or the back-end databases that store the relational data. The applications and databases are the media upon which Thought's ORM technology acts; there appears to be no invention in the patents regarding how applications and databases perform their functions.

Even if the asserted claims do not recite an application or database layer, Thought argues the requested information is still discoverable because such sales qualify as "convoyed" or "bundled" sales. Jt. Ltr. at 2. It asserts that Oracle's database and application software is licensed to Oracle middleware customers and assembled into fully infringing systems. *Id.* Therefore, Thought Argues that such database and application licenses should be considered by a damages expert in the proper quantification of both the reasonable royalty base and rate. *Id.* In support of

3

its position, Thought cites to *Positive Technologies Inc. v. Sony Electronics, Inc.*, 2013 WL 707914, at * 4-6 (N.D. Cal. Feb. 26, 2013), a case in which the court permitted discovery into financial information related to non-accused "content and accessories" sold with accused e-readers. In that case, the invention was a matrix display on Amazon's Kindle and Barnes & Noble's Nook e-readers. *Id.* at *1. Although the court permitted financial discovery into e-reader content sold by Amazon and Barnes & Noble, the relevance of the information resulted from the fact that the content sold by Amazon operated only on the Kindle, and the same was true with respect to content sold by Barnes and Noble and the Nook. *Id.* at *4. Thus, the Court found that "[t]he money that Defendants make on both content and accessories sold with their E-Readers is probative of the value of Defendant's use of the display controller scheme, as well as the commercial success and popularity of the EReaders." *Id.*

While the e-reader device and the content displayed on it were coupled, that is not true for Oracle's middleware; here, all applications and databases work with Oracle middleware, whether or not they are manufactured by Oracle. Jt. Ltr. at 4-5. As Oracle states, "[t]he very purpose of middleware is to be a neutral bridge that decouples applications and databases, allowing customers to choose each component independently." Jt. Ltr. at 5 n.10. Thus, the Court finds that Oracle has met its burden of showing that the discovery should not be allowed.

## CONCLUSION

Based on this analysis, the Court **DENIES** Thought's request to compel production of documents responsive to its Requests for Production Nos. 48 and 49.

**IT IS SO ORDERED.**

Dated: April 9, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge