UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOUGHT, INC.,<br>  Plaintiff,<br>  v.<br>ORACLE CORPORATION, et al.,<br>  Defendants. | Case No. 12-cv-05601-WHO<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**<br>Re: Dkt. No. 139 |

Plaintiff Thought, Inc. brings a motion for relief from the order of Magistrate Judge Maria-Elena James denying its motion to compel production of financial documents relating to "application" and "database" software. Thought contends that Judge James erred in denying its motion to compel in ruling that (i) application and database software are not elements of the asserted claim; and (ii) application and database information is not relevant to derivative or convoyed sales and reasonable royalty. Judge James did not clearly err in either of these assessments, and I AFFIRM the ruling on both counts.

**BACKGROUND**

The dispute in this case centers on claim 7 of Thought's U.S. Patent Number 5,857,197 ('197 Patent). The '197 Patent involves a software technique called "object relational mapping," or "ORM." Dkt. No. 137 at 3. This is performed by "middleware," which converts data from applications into a format that can be stored in databases. *Id.*

The parties initially raised this discovery dispute with Judge James in July of 2014. Dkt. No. 109. Judge James noted that "Thought's requests appear to be overbroad" and that "the Court is unlikely to require further production if [Thought's] requests remain overbroad." Dkt. No. 110.

The parties submitted another joint discovery letter to Judge James on April 7, 2015. Dkt. No. 137. Thought requested production of documents that related to the financial information for

Oracle's "Accused Products." *Id.* at 1. According to Thought, these included both applications and databases in addition to the infringing product. *Id.* at 1, 7. Thought claimed that (i) applications and databases are elements of claim 7 of the 197 Patent, and (ii) that the requested information is discoverable as "convoyed" or "bundled" sales that are relevant to damages. *Id.* at 2.

Oracle asserted that Thought was not entitled to the requested information because the claimed inventions were directed to technology that appeared only in Oracle's middleware and not in its applications or databases. It stated that "[t]here is no basis to conduct discovery, financial or otherwise, on Oracle's database and application products that merely interface with the middleware." *Id.* at 4.

First, Judge James found that Thought "failed to show why discovery into Oracle's non-middleware products is necessary" and that "it has not shown that its patent claims concern the operation of front-end applications that generate object data or the back-end databases that store the relational data." Order at 3 (Dkt. No. 138). Second, Judge James found that Thought's "convoyed" sales theory was not applicable, and distinguished the case upon which Thought relied. *Id.* at 4.

Thought moved for relief from Judge James's order, and I issued a briefing schedule on the matter on April 24, 2015. Dkt. Nos. 139, 140.

**LEGAL STANDARD**

Courts will grant a motion for relief from a nondispositive order only when the moving party establishes that the order is clearly erroneous or contrary to law. FED. R. CIV. P. 72; *Barnes & Noble, Inc. v. LSI Corp.*, No. C-11-2709 EMC, 2013 WL 841334, at *1 (N.D. Cal. Mar. 6, 2013). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Id.* (internal citations and quotations omitted). This standard of review is extremely deferential. *Id.*

Discovery requests such as a motion to compel must be reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). "Discovery may be limited by the Court if (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party

2

seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." *Gorham v. Solis*, No. 12-CV-00890-WHO (PR), 2014 WL 5585327, at *2 (N.D. Cal. Nov. 3, 2014) (internal citations and quotations omitted). In addition, requests to compel documents "must describe with reasonable particularity each item or category of items to be inspected." *Id.*

## DISCUSSION

### I. WHETHER THOUGHT IS ENTITLED TO DISCOVERY OF THE FINANCIAL INFORMATION BECAUSE IT IS AN ELEMENT OF THE ASSERTED CLAIM

I first address Thought's argument that the financial information is subject to discovery because the asserted claim involves use of both an application and a database. It is undisputed that claim 7 of the '197 Patent uses both an application and a database to perform its function. *See* '197 Patent 35:58-36:28 (Dkt. No. 142-2). Thought contended that claim 7 encompasses the middleware, databases, and applications and that "Oracle's middleware products cannot alone perform all the steps in the body of claim 7." Dkt. No. 137 at 2. Thought asserted that its infringement contentions accused "this combination of Oracle products." *Id.*

In its motion, Thought argues that Judge James committed clear error by construing claim 7 as covering only the middleware technology. Mot. at 5 (Dkt. No. 139). In the joint discovery letter to Judge James, Oracle explained:

> Thought's patents relate to a software technique called object relational mapping ("ORM"). ORM is performed by "middleware" that converts object-oriented programming data ("object data") into a format that can be stored in a relational database ("relational data") or vice versa. Thought's patent claims do not concern the operation of front-end *applications* that generate object data nor the back-end *databases* that store the relational data. The applications and databases are merely the media upon which Thought's ORM technology acts; there is no invention in the patents regarding how applications and databases perform their functions.

Dkt. No. 137 at 3. Thought does not dispute the essential validity of this statement, but instead contends that "discovery must be provided for all claimed elements." Mot. at 5-6. At the same time, Thought does not cite any authority that directly supports this proposition.

Thought's argument that it is entitled to discovery for all the steps or elements of claim 7 because it has the burden to prove infringement of all these steps or elements defeats its argument for

3

discovery. *See* Mot. 6. "Database" and "application" are not steps or elements of claim 7 such that Thought is automatically entitled to discovery on all Oracle applications and databases. *See* 35 U.S.C. § 112(f); *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1259 (Fed. Cir. 1989) ("'Element' may be used to mean a single limitation, but it has also been used to mean a series of limitations which, taken together, make up a component of the claimed invention"). In proving infringement of claim 7, Thought will not need to establish any infringement of databases or applications. Instead, it can prove infringement by showing that any of Oracle's middleware products infringe the steps of claim 7, such as "communicating a request . . . from the object application to an adapter abstraction layer . . . ," and "communicating the request . . . from the adapter abstraction layer to the application program." Mot. 9.

The cases to which Thought cites do not stand for the proposition that a patentee is entitled to discovery relating to all components cited in a patent claim. *See*, e.g., *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1345 (Fed. Cir. 2002) (not discussing discovery at all). I agree with Judge James's assessment that Thought "has not shown that its patent claims concern the operation of front-end applications that generate object data or the back-end databases that store the relational data." Order at 3. And in its motion for relief, Thought does not remedy this shortcoming. Instead, it relies largely on the fact that the text of the patent claim includes the terms database and application. Mot. 5-6.

Thought has not pointed to any case that stands for the proposition that discovery is always merited for all un-patentable elements of a claim. Indeed, this would lead to extreme results. If I were to follow Thought's reasoning I would open the door to discovery of numerous products produced by an alleged infringer whenever a patent claim involves the use of other un-patentable elements. Judge James did not err in finding that application and database software are not elements of the asserted claim for the purposes of discovery.

## II. WHETHER THOUGHT IS ENTITLED TO DISCOVERY OF THE FINANCIAL INFORMATION BECAUSE IT IS RELEVANT TO DERIVATIVE OR CONVOYED SALES OR REASONABLE ROYALTY

Thought relies upon Factor 6 of the analysis laid out in *Georgia-Pacific Corp. v. U.S. Plywood Corp.* to argue that "[f]inancial information related to Oracle's sale and use of

4

applications and databases is relevant to a reasonable royalty." Mot. 3. In general, a patentee is entitled to a reasonable royalty on an infringer's sales. 35 U.S.C. § 284. *Georgia-Pacific* set forth several factors which are relevant to determining the reasonable royalty for a patent license, including "[t]he effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales." 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971); *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393 (Fed. Cir. 2003) (discussing *Georgia-Pacific* Factor 6).

According to Thought, databases and applications constitute "other products" that shape the royalty analysis for infringement of its middleware under the "convoyed sales" analysis, thus making the financial information of such products relevant and requiring discovery. Mot. 3-4. It also argues that the court incorrectly applied the standard for evidentiary admissibility at trial, instead of the relevancy standard for discovery matters. Mot. 3-5.

Oracle contends that the "convoyed sales" analysis applies only to prove damages for lost profits, which Thought has not alleged in this case. Oppo. 4 (Dkt. No. 142). It points out that "convoyed sales" are limited to products that are sold contemporaneously with the infringing product. *Id.* In addition, Oracle asserts that the "entire market value" exception precludes Thought's "convoyed sales" argument because the sale of middleware cannot possibly drive the sales of its database and application products, which are entirely separate from the middleware. *Id.* at 5.

In addressing this issue, I first note that neither the "convoyed sales" rule nor the "entire market value" rule applies only to evidence that establishes lost profits, as Oracle suggests. *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1361 (Fed. Cir. 2001) ("A patentee is entitled to no less than a reasonable royalty on an infringer's sales *for which the patentee has not established entitlement to lost profits*") (emphasis added); *Micro Chem.*, 317 F.3d at 1393 ("This court has endorsed the conceptual framework of a hypothetical negotiation between patentee and infringer as a means for determining a reasonable royalty") (internal citations and quotations omitted).

It is unclear whether the "entire market value" rule trumps the theory of "convoyed sales," although courts appear to treat these theories as separate methods for determining a reasonable royalty in patent disputes where some features of a product are not patented. *See*, e.g., *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 286, 289 (W.D. Mich. 1995) (reversing magistrate judge's discovery order denying discovery of nonpatented products because they did not fall within the "entire market value" rule because although the entire market value rule did not allow discovery, the convoyed sales theory under *Georgia-Pacific* did); *Emblaze Ltd. v. Apple Inc.*, No. 5:11-CV-01079-PSG, 2014 WL 2889764 (N.D. Cal. June 25, 2014) (discussing each rule separately).

The "entire market value" theory of recovery "allows for the recovery of damages based on the value of an entire apparatus including non-patented parts, even though only one of the features in the apparatus is patented." *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 865 (Fed. Cir. 1985). Under this rule, the patent-related feature must be part of the same machine or "functional unit" as the other features. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549-50 (Fed. Cir. 1995). "[A] patentee may assess damages based on the entire market value of the accused product *only where* the patented feature creates the basis for customer demand or substantially creates the value of the component parts." *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014).

There is plainly no way that the allegedly infringing middleware is part of the same "functional unit" as the products for which Thought seeks discovery. As Judge James noted, the products are separate, and Thought does not contend otherwise. *See* Mot. 5 (acknowledging that the middleware is often "bundled" with licenses to the other products).

Thought's argument relating to "convoyed sales" is more persuasive. The "convoyed sales" theory determines a reasonable royalty by conceptualizing "a hypothetical negotiation between patentee and infringer as a means for determining a reasonable royalty." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d at 1393 (internal citations and quotations omitted). The factors in *Georgia-Pacific* were designed to assist in this analysis. *Id.*

Thought cites to Judge Westmore's decision in *Aylus Networks Inc. v. Apple Inc.* In that order, the parties disputed whether Aylus was entitled to discovery of profits from purchases or rentals of iTunes video content using the accused products, and purchases of video games using

6

the accused products. No. 13-cv-04700-EMC (KAW), Dkt. No. 120. The court analyzed the same *Georgia-Pacific* Factor 6, recognizing that some of the information relates to "sales involving non-infringing products." *Id.* at 2. It found that discovery was merited because the infringing product, "no matter how small its role," could have drawn more consumers to purchase the video content and video games. *Id.* at 2-3. It pointed out that in the complaint, Aylus alleged that the accused products allowed Apple to gain revenue from video and video game sales. *Id.* at 3-4. The court ordered that Apple produce the requested documents, stating that Apple could argue that the sales are not "convoyed sales" at trial. *Id.* at 5.

This case is distinguishable. Setting aside Oracle's contention that *Aylus* did not discuss the "entire market value" exception, Oppo. 5, the plaintiff in *Aylus* was able to identify specific products that were relevant to its royalty analysis. In addition, it was able to articulate a theory as to how the sales of the particular products were connected to the sales of the infringing products. Furthermore, the plaintiff limited its discovery request to sales of video and video games *using the accused products*. Thought did none of these things, and made a far broader discovery request than that in *Aylus*.

I affirm Judge James's order because there was no error in concluding that Thought's requested discovery was overbroad and unreasonably cumulative. Although I agree with Thought that it need not meet the standard of evidentiary admissibility as at trial, Judge James did not err in concluding that based upon Thought's inability to articulate any theory of damages that involved specific Oracle database or application products, the requested information was not reasonably calculated to lead to any admissible evidence. Given the questionable relevance of most of Oracle's database and application products, it also appears that the expense of Thought's proposed discovery outweighed its likely benefit. *See* FED. R. CIV. P. 26(b)(2).

That said, Thought may be entitled to relevant information about certain of Oracle's database or application products with a more targeted request, such as by identifying those that consumers were induced to buy because they bought the allegedly infringing middleware.

**CONCLUSION**

Thought failed to establish that application and database software are not elements of the asserted claim that would merit discovery, or that it was entitled to the financial records from *all* of the requested application and database of Oracle. Instead, its discovery request was unreasonably overbroad. Accordingly, I AFFIRM Magistrate Judge James's order.

**IT IS SO ORDERED**.

Dated: May 15, 2015



WILLIAM H. ORRICK
United States District Judge