Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94170
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
Mark S. Carlson (*Pro Hac Vice*)
Nicholas S. Boebel (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

Kelly G. Hyndman (*Pro Hac Vice*)
Chandran B. Iyer (*Pro Hac Vice*)
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20037
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
khyndman@sughrue.com
cbiyer@sughrue.com

*Attorneys for Plaintiff Thought, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| THOUGHT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION, a Delaware corporation; ORACLE AMERICA, INC., a Delaware corporation; ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Defendants. | No. C 3:12-cv-5601 WHO<br><br>**PLAINTIFF THOUGHT, INC.'s MOTION FOR PARTIAL SUMMARY JUDGMENT ON ORACLE'S OBVIOUSNESS DEFENSE AND COUNTERCLAIM**<br><br>**Noticed hearing date and time: April 20, 2016 at 2:00 PM Courtroom 2, 17th Floor** |

# TABLE OF CONTENTS

**Page**

SUMMARY OF THE ARGUMENT ...................................................................................... 1

STATEMENT OF UNDISPUTED FACTS .......................................................................... 3

    I.     Oracle elected five prior art references to assert against the '197 patent. ..................... 3

    II.    Oracle repeatedly reassured Thought that it would not rely on any non-elected prior art references for invalidity. .......................................................... 4

    III.   Oracle Reneged:  Dr. Hosking expressly relies on numerous non-elected references for the obviousness combinations in Paragraphs 767-915 of his invalidity report. ................................................................................................. 5

ARGUMENT ....................................................................................................................... 7

    I.     The Court should prohibit Oracle from relying on non-elected prior art to prove "the knowledge of persons of ordinary skill in the art," and strike paragraphs 767-915 of Dr. Hosking's Invalidity Report. ................................. 8

         A.    The Court should prohibit Oracle from relying on non-elected prior art to show "knowledge of a person of ordinary skill in the art." ...................... 8

         B.    The *KSR* case does not support use of non-elected prior art references to prove "knowledge of a person having ordinary skill in the art." ................................................................................................. 12

         C.    Paragraphs 767-915 of Dr. Hosking's invalidity report should be stricken to the extent that they rely on non-elected references, and pages 21-41 of Exhibit 2 and all of exhibit 7 should be stricken. .................... 13

    II.    The court should grant summary judgment of dismissal on oracle's obviousness defense and counterclaim in Paragraphs 767-915 of Dr. Hosking's invalidity report. ........................................................................ 14

         A.    The court should grant summary judgment on all obviousness combinations in paragraphs 767-915 of Dr. Hosking's invalidity report that rely on non-elected prior art. .......................................... 15

            1.    The Court should grant summary judgment on all obviousness combinations that include non-elected references in paragraphs 770-782 of Dr. Hosking's invalidity report. ................................................................................ 16

            2.    The Court should grant summary judgment on all "query by object/query by example" obviousness combinations that include non-elected references in paragraphs 783-795 of Dr. Hosking's invalidity report. ........................ 17

3. The Court should grant summary judgment on all "converting between types by using metadata/passing data between methods" obviousness combinations that include non-elected references in paragraphs 796-824 of Dr. Hosking's invalidity report. ................................................... 18

4. The Court should grant summary judgment on all "runtime interchangeability" obviousness combinations that include non-elected references in paragraphs 825-839 of Dr. Hosking's invalidity report. ................................................... 18

5. The Court should grant summary judgment on all "object schema comprising a possible arbitrary joining" combinations that include non-elected references in paragraphs 840-842 of Dr. Hosking's invalidity report. ....................... 19

6. The Court should grant summary judgment on all obviousness combinations disclosed in paragraphs 843-915 of Dr. Hosking's invalidity report. ....................... 20

B. The Court should grant summary judgment on the remaining obviousness combinations in paragraphs 767-915 of Dr. Hosking's invalidity report because they do not make a *prima facie* case of obviousness relying on only elected prior art for any asserted claim. ................................................... 22

CONCLUSION ................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ...............................................................................................14, 15

*ASUS Computer Int'l. v. Round Rock Research, LLC*,
2014 WL 1463609 ...........................................................................................................11

*Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*,
2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) ..................................................................8

*Emcore Corp. v. Optium Corp.*,
2009 WL 3381800 (W.D. Penn. Oct. 16, 2009) ................................................9, 10, 11

*Fujifilm Corp. v. Motorola Mobility LLC*,
2015 WL 757575 (N.D. Cal. February 20, 2015) ...................................................... *passim*

*Genentech, Inc. v. Trustees of Univ. of Pennsylvania*,
2012 WL 424985 (N.D. Cal. Feb. 9, 2012) ......................................................................9

*Hearing Components, Inc. v. Shure, Inc.*,
2008 WL 5572824 (E.D. Tex. Dec. 1, 2008) ............................................................10, 11

*KSR Intern. Co. v. Teleflex, Inc.*,
550 U.S. 398 (2007)..................................................................................................3, 12, 13

*Life Technologies Corp. v. Biosearch Technologies, Inc.*,
2012 WL 4097740 (N.D. Cal. Sept. 17, 2012) .................................................................9

*Pactiv Corp. v. Multisorb Techs., Inc.*,
2013 WL 2384249 (N.D. Ill. May 29, 2013) .....................................................................9

*Plantronics, Inc. v. Aliph, Inc.*,
724 F.3d 1343 (Fed. Cir. 2013)........................................................................................15

*Thornhill Publ'g Co. v. GTE Corp.*,
594 F.2d 730 (9th Cir. 1979) ...........................................................................................14

*Verinata Health, Inc. v. Sequenom, Inc.*,
2014 WL 4100638 (N.D. Cal. August 20, 2014).........................................................8, 13

*Volterra Semiconductor Corp. v. Primarion, Inc.*,
796 F. Supp. 2d 1025 (N.D. Cal. 2011) ..........................................................................10

### STATUTES

35 U.S.C. § 102 ........................................................................................................................2

MOTION FOR PARTIAL SUMMARY JUDGMENT
ON ORACLE'S OBVIOUSNESS DEFENSE AND
COUNTERCLAIM
- iii -
No. C 12-5601 WHO

005006-11 853535 V1

35 U.S.C. §103 .................................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ........................................................................................................14

## **SUMMARY OF THE ARGUMENT**

Thought moves for summary judgment on Oracle's 35 U.S.C. §103 defense and counterclaim, which require Oracle to prove obviousness by clear and convincing evidence. The motion will be heard on April 20, 2016, at 2:00 PM.  The evidence that Oracle relies upon to prove obviousness is contained in paragraphs 767-915 of the Expert Report of Anthony Hosking, Ph.D., Concerning the Invalidity of the '197 Patent (Invalidity Report).  This motion rests on three simple propositions:

1. Oracle's obviousness combinations may rely on only the prior art references that it elected on December 29, 2014 in compliance with this Court's order limiting claims and prior art (Dkt. 50);

2. Oracle's obviousness combinations disclosed in pages 313-360, paragraphs 767-915, of Dr. Hosking's Invalidity Report explicitly include non-elected prior art in combination with elected prior art (Declaration of Mark Carlson (Carlson Decl.) Ex. 6); and

3. Stripped of obviousness combinations and other citations that include non-elected prior art, the remainder of paragraphs 767-915 of Dr. Hosking's Invalidity Report do not disclose a combination of only elected prior art that suggests or discloses all elements of any asserted claim of the '915 Patent.  *Id.*

There can be no dispute as to the truth of the three propositions on which this motion rests.  First, this Court's order limiting asserted claims and prior art unambiguously limits Oracle to obviousness combinations of prior art in its final election of prior art, and Oracle's final election of prior art included only five references.  Second, paragraphs 767-915 of Dr. Hosking's invalidity report expressly define prior art combinations consisting of (1) one or more elected reference(s) "*and*" (2) "knowledge [of a person of ordinary skill in the art];" and Dr. Hosking testified that "wherever" he refers to "knowledge" in his Invalidity Report he means the *scores* of non-elected prior art references compiled in Exhibits 2 and 7 to his report.  And third, review of paragraphs 767-915 stripped of citation to the non-elected references in Exhibits 2 and 7 (*see,* Carlson Decl., Ex. 6 (non-elected references highlighted)) absolutely confirms that the remainder

does not disclose a combination of only elected prior art in which Dr. Hosking specifies where each element of any asserted claim may be suggested or found.

While pages 37-313, paragraphs 116-766, of Dr. Hosking's Invalidity Report address separately each of four of Oracle's elected references, and argue that each elected reference independently discloses all elements of all asserted claims, these are anticipation arguments under 35 U.S.C. § 102. Nowhere in pages 37-313 does Dr. Hosking disclose any *combination* of references required to prove obviousness. Consequently, Dr. Hosking's anticipation testimony, without more, cannot satisfy Oracle's burden to prove obviousness.

Oracle's obviousness evidence, pages 313-360, paragraphs 767-915, is permeated with citations to the compilation of non-elected references in Exhibits 2 and 7, either expressly or using Dr. Hosking's code terms "the knowledge of persons of ordinary skill in the art," or simply "knowledge." Paragraphs 767-769 are an overview that does not identify any specific combination of prior art. Paragraphs 770-842 address some—but not all—individual elements of some—but not all—asserted claims, and therefore cannot make out a complete *prima facie* case of obviousness for any asserted claim. And paragraphs 843-915 rely expressly on combinations consisting of elected prior art *and* non-elected prior art, which when stripped of non-elected references cannot make out a complete *prima facie* case of obviousness for any asserted claim. *Nowhere* in paragraphs 843-915 does Dr. Hosking specify which elected reference he relies upon to suggest or disclose the specific elements of any asserted claim, and therefore he fails to make out a complete *prima facie* case of obviousness using only elected references.

Oracle is expected to argue that it is entitled to rely on obviousness combinations of elected and non-elected prior art, because all material prior art comprises the knowledge of a person of ordinary skill in the art. But this argument ignores this Court's order *limiting* asserted prior art. Oracle's same attorneys made this same argument to this same Court almost exactly one year ago, and this Court rejected their argument in *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575 (N.D. Cal. February 20, 2015), and held that non-elected prior art may not be

"used as anticipation and/or obviousness references." *Id.* at *30. "Knowledge" does not provide an end-run around this Court's order.

Nor does the Supreme Court's ruling in *KSR Intern. Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007) help Oracle escape the Court's order limiting prior art. *KSR* adopted a more flexible standard to prove obviousness, including "teachings of multiple patents," demands known to the design community or marketplace, and background knowledge of persons of ordinary skill. But to extent that Oracle seeks to rely on prior art references to prove any of these obviousness elements, this Court required Oracle to elect the references and rely on only those it had elected.

Thought requests that the Court apply its order limiting asserted prior art and *Fujifilm* to prohibit Oracle from relying on non-elected references to prove "the knowledge of a person of skill in the art," and to strike the obviousness paragraphs 767-915 of Dr. Hosking's Invalidity Report, and pages 21-41 of Exhibit 2 and all of Exhibit 7. In addition, Thought requests that the Court enter summary judgment of dismissal on Oracle's obviousness defense and counterclaims.

## STATEMENT OF UNDISPUTED FACTS

**I.** **Oracle elected five prior art references to assert against the '197 patent.**

On October 10, 2013, this Court entered an order granting Oracle's motion to impose limits on asserted claims and prior art (Dkt. 50). The Court imposed a per-patent numerical limit on prior art, and required Oracle to make a final prior art election within fourteen days after Thought made a final election of asserted claims. *Id.* at 7. The Court's restrictions on elected prior art applied to both anticipating references and obviousness combinations. *Id.* On December 29, 2014, Oracle served its final election of prior art. Carlson Decl., Ex. 1. It elected five references with respect to the '197 patent-in-suit: (1) TopLink 2.0 for Smalltalk, (2) EOF 1.1/WebObjects, (3) the Srinivasan '309 patent, (4) TOG (The Open Group-Technical Standard-Data Management Structured Query Language Ver. 2), and (5) the Chang '979 patent. *Id.*

## II. Oracle repeatedly reassured Thought that it would not rely on any non-elected prior art references for invalidity.

On May 18, 2015, Oracle served its Third Supplemental Invalidity Contentions. To Thought's surprise, the supplemental contentions asserted *fifty-nine* prior art references, and incorporated still *more* prior art by reference. Thought's counsel objected to Oracle's assertion of prior art references in excess of the five that Oracle had elected in its final election. On June 10, 2015, Thought objected to Oracle's assertion of non-elected prior art, and requested that Oracle amend its Third Supplemental Invalidity Contentions to strike all prior art that was not listed in Oracle's final elections. Carlson Decl., Ex. 2. On July 13, Oracle responded. Oracle referred Thought to Oracle's December 29 final election of prior art as the governing instrument. Carlson Decl., Ex. 3. And Oracle reiterated that it asserts only the five elected prior art references identified in its final election, and not any non-elected prior art. *Id.*

Thought's counsel conferred with Oracle's counsel regarding Oracle's disclosure of non-elected prior art on August 10, 2015. Carlson Decl., Ex. 4. Oracle referenced its July 13, 2015 correspondence, which had confirmed that Oracle would rely on only the five references elected in its final elections. *Id.* Oracle assured Thought that the only reason the non-elected references were included in its invalidity contentions was that they had been asserted in its prior invalidity contentions, and Oracle did not wish to go to the trouble of striking the non-elected references it had relied upon before its final election. *Id.*

Oracle knew that it could not rely on non-elected prior art for invalidity. In the August 10, 2015 discovery conference, Oracle offered to drop its objection to Thought's priority date in exchange for Thought's agreement to allow Oracle to supplement its '197 Patent elected prior art with two additional references: TopLink for Smalltalk 1.0 and COMan. Carlson Decl., Ex. 5. Thought refused to allow Oracle to supplement its elected prior art. *Id.* Thought's position was clear: it would not agree to permit Oracle to assert non-elected prior art, and if Oracle wished to do so it would have to seek leave of court. Oracle never revisited the issue.

Thought relied on Oracle's final elections and its repeated assurances that notwithstanding any other art cited in Oracle's invalidity contentions, Oracle agreed that it was

limited to only the five prior art references cited in its final election for invalidity and would not assert any non-elected prior art. *Id.* Thought's invalidity discovery and expert disclosures—now completed—focused on Oracle's five elected prior art references.

### III. Oracle Reneged:  Dr. Hosking expressly relies on numerous non-elected references for the obviousness combinations in Paragraphs 767-915 of his invalidity report.

On December 7, 2015, Oracle served Dr. Hosking's Invalidity Report.  Pages 313-360, paragraphs 767-915, disclose Dr. Hosking's invalidity opinions regarding various obviousness combinations.  Carlson Decl., Ex. 6.[1]  Throughout, he relies on Exhibits 2 and 7 to his report in support of these opinions.  Exhibit 2 is a compilation of hundreds of pages of materials Dr. Hosking considered, including pages 21-41 entitled "Other Materials Considered Including Materials Related to Knowledge of a Person of Skill in the Art," almost none of which is elected prior art.  Carlson Decl., Ex. 7.  For example, Exhibit 2 includes the Martel patent (Exhibit 2, pp. 23), source documents for TopLink versions pre-1.0, 1.0, 1.21, 2.1, and 2.1.1 (Exhibit 2, pp. 25-39), and EOF 2.0 documentation (Exhibit 2, p. 40).  And Exhibit 7 is a compilation of *scores* of *non-elected* prior art references, including without limitation TopLink 4.0 (pp. 14-18), TopLink 4.0 and TopLink for Java (pp. 21-26), TopLink for Smalltalk 1.0 (pp. 29-31), the Martel patent (pp. 31-36), a product known as COMan (pp. 36-46), the Odapter language (pp. 46-48), Distributed Smalltalk (pp. 48-51), Ontos and Persistence Software (pp. 51-52), Secant Persistent Object Manager (e.g., pp. 54-55), Rogue Wave's Java Language Suite (pp. 56), and CORBA (pp. 66-78).  Carlson Decl., Ex. 8.  Incredibly, Dr. Hosking relies even on the TopLink for Smalltalk and COMan references that Thought expressly refused to allow Oracle to supplement its elected prior art to add.  Carlson Decl., Ex. 5.

In his overview, Dr. Hosking explains that his obviousness opinions include combinations of the elected references "and/or the knowledge of a person of skill in the art on or before March 19, 1997."  Carlson Decl., Ex. 6, e.g., ¶¶ 767-768.  Throughout, he relies on

---

[1] All references to pages 313-360, paragraphs 767-915, are collected in Carlson Decl. Ex. 6 and highlighted to show reliance on non-elected prior art for the Court's convenience.

Exhibit 7 and its compilation of numerous non-elected references as a conclusory "catch all" in the event that elected references fail to disclose any element of an asserted claim.

For example, on pages 320-326, paragraphs 783-795, he argues that prior art combinations that contain "query by object/query by example" functionality meet the '197 patent limitations describing software that receives a database read request from an object oriented application. *Id.*, ¶¶ 783-785. In paragraphs 783-789, he repeatedly cites Exhibit 7 to support his argument that non-elected prior art contained the query functionality. And in paragraphs 790-795, he states that "to the extent it is determined (if any) that any of these [elected] references do not explicitly or implicitly disclose [elements of the asserted '197 patent claims]:

> it would have been obvious on or before March 19, 1997, to include this functionality in that prior art based on the disclosure of this functionality in the other prior art *and/or the knowledge of a person of skill in the art at that time.*"

*See, Id.*, ¶¶ 790-795.

Similarly, on pages 326-336, paragraphs 796-824, he argues that prior art references disclosing "using meta data/passing data between methods" meet allegedly comparable functionality in the asserted claims. Paragraph 800 explicitly relies on COMan and TopLink 4.0, both non-elected references, and refers generally to Exhibit 7 for support that the functionality he relies upon was "well-known on or before March 19, 1997." *See also, Id.*, ¶¶ 805-806, 809-810, 812. And in paragraphs 814-824, he asserts that to the extent the functionality he relies upon is not explicitly or implicitly disclosed in the elected references, it would have been obvious on or before March 19, 1997 to include that functionality based on "the knowledge of a person of skill in the art at that time." *Id.* ¶¶ 814-824. He follows the same pattern on pages 336-342, paragraphs 825-839 for "runtime interchangeability – interfaces, adapters, adapter abstraction layer." And again on pages 342-344, paragraphs 840-842, for "object schema comprising a possible arbitrary joining of data store content across at least one data store." Finally, on pages 344-360, paragraphs 843-915, Dr. Hosking explicitly describes combinations of elected prior art "*and knowledge*" that in his opinion render the asserted '197 patent claims obvious.

Dr. Hosking's recitations of "knowledge" do not always expressly reference Exhibit 7, but he makes the connection explicit in the exhibits, themselves. Pages 21-41 of Exhibit 2 are entitled "Other Materials Considered Including Materials Related to Knowledge of a Person of Skill in the Art." Carlson Decl., Ex. 7, at p. 1. Exhibit 7 is entitled "Obviousness Including Knowledge of a Person of Skill in the Art on or Before March 19, 1997." Carlson Decl., Ex. 8, at p. 1. At the beginning, he states that if the elected art is not sufficient to render the asserted claims obvious, he relies on Exhibit 7:

> as discussed further in my report, to the extent that it is determined (if any) that any of these [elected] systems or reference [sic] do not anticipate an Asserted Claim of the 197 Patent, it is my opinion that the Asserted Claim would have been obvious over two or more of TLS 2.0, EOF 1.1, Chang, Srinivasan, *and/or Knowledge of a Person of Skill in the Art by March 1997.*

*Id.* And in his deposition, Dr. Hosking confirmed that <u>*wherever*</u> he refers to "knowledge" in his Invalidity Report, he is always referring to the compilation of non-elected art in Exhibits 2 and 7:

> Q. Let me ask the question a different way. Your footnote ends with the statements: "My opinions regarding the knowledge of a person of skill in the art are also supported by additional evidence cited herein or in Exhibits 2 or 7." And my question is: Does that statement apply generally to your opinions throughout your report?
>
> MR. MOORE: Objection to form.
>
> THE WITNESS: *I think wherever I am pronouncing on knowledge of a person of ordinary skill, I am relying upon these various things that are cited or may be present in those exhibits [2 and 7].*

Carlson Decl., Ex. 9, Hosking Tr. 135:2-15.[2] "Knowledge" in Dr. Hosking's Invalidity Report is a code term for the prior art compiled in Exhibits 2 and 7. And almost none of the references in Exhibits 2 and 7 is included in Oracle's final prior art election for the '197 Patent.[3]

## ARGUMENT

---

[2] Exhibit 2 is the compilation of materials considered by Dr. Hosking in his invalidity report. Together with Exhibit 7, they collectively comprise hundreds of pages of references.

[3] A few references in Exhibit 7 may relate to elected prior art, such as some TopLink for Smalltalk documents, though even these do not state that they relate specifically to the elected TopLink for Smalltalk 2.0 reference.

## I. The Court should prohibit Oracle from relying on non-elected prior art to prove "the knowledge of persons of ordinary skill in the art," and strike paragraphs 767-915 of Dr. Hosking's Invalidity Report.

### A. The Court should prohibit Oracle from relying on non-elected prior art to show "knowledge of a person of ordinary skill in the art."

This Court ruled that an accused infringer may not rely on non-elected prior art as part of an obviousness combination in *Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575 (N.D. Cal. Feb. 20, 2015). In *Fujifilm,* Motorola was represented by Kilpatrick Townsend & Stockton, and in particular Messrs. Steven Moore and Benjamin Kleinman-Green who represent Oracle here. There, as here, these same attorneys served a final election of asserted prior art. *Id.*, at *29. There, as here, they subsequently served an invalidity expert report that included at least 70 references that were not included in their final election of prior art. *Id.* And there, as here, they argued to this *same Court* that the non-elected references were permissible because they were cited merely to show "background technology" or "state of the art/knowledge of a person of ordinary skill in the art." *Id.* But this Court saw through their ruse. It granted Fujifilm's motion to strike non-elected prior art "to the extent those references are used as anticipation and/or obviousness references." *Id.,* at *30. As to use of non-elected references as "background material," this Court ruled that it "will not impose a strict rule barring them *at this time*." *Id.*[4] Notably—this Court did *not* agree with Messrs. Moore and Kleinman-Green that they could use non-elected prior art to show "knowledge of a person of ordinary skill in the art." *Id.*, at *29.

Many other courts in this district have drawn the same line that this Court drew in *Fujifilm*, barring use of non-disclosed or non-elected references as anticipation or obviousness references. *See, e.g.*, *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 WL 4100638, at *5 (N.D. Cal. August 20, 2014) (striking reference "from the expert report to the extent that [the expert] relies on it as prior art that allegedly renders the asserted claims ... obvious" but allowing reliance "as foundational or background material"); *Digital Reg. of Texas, LLC v. Adobe Sys.,*

---

[4] The *Fujifilm* case was at the summary judgment phase when this Court ruled on Fujifilm's motion to strike portions of Motorola's expert report that relied on non-elected prior art. This Court did not consider whether use of non-elected references *at trial* should be prohibited.

*Inc.*, 2014 WL 4090550, at *9 (N.D. Cal. Aug. 19, 2014) (admitting certain references "to the extent that [they] are supporting documents to explain further how the chosen prior art references disclose required limitations;" excluding certain references "which disclose other required limitations not covered by the chosen prior art references"); *Genentech, Inc. v. Trustees of Univ. of Penn.*, 2012 WL 424985, at *3 (N.D. Cal. Feb. 9, 2012) (denying motion to strike based on representation defendant would not rely on non-elected references to prove obviousness).

And at least one court in this district went further. In *Life Technologies Corp. v. Biosearch Technologies, Inc.*, 2012 WL 4097740, at *1-2 (N.D. Cal. Sept. 17, 2012), the patentee moved to strike portions of an invalidity expert report that relied on undisclosed (and therefore non-elected) references. The court categorically rejected the infringer's argument that the undisclosed references should not be stricken because they relate only to "background on the art" as an attempt "to elude patent local rules by defining materials as 'background' or 'context.'" *Id.* at *1-2, citing *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1047-48 (N.D. Cal. 2011) (describing such an attempt as an "end run around" local rules). Stating that "courts have rejected such attempts to elude patent local rules by defining material as 'background' or 'context'," the Court ruled that "state of the art" references "are encompassed within the meaning of 'prior art'." *Id.* It noted that "prior art" is defined as "knowledge that is available, including what would be obvious from it, at a given time, to a person of ordinary skill in the art." *Id.,* citing *OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1402 (9th Cir. 1997). The court ruled that the district's "local rules did not alter these definitions, and therefore implicitly adopted them." *Id.*

Other district courts agree with the *Life Technologies* court. *See*, *Pactiv Corp. v. Multisorb Techs., Inc.*, 2013 WL 2384249, at *2 (N.D. Ill. May 29, 2013) ("this Court agrees that parties should not be able to circumvent the disclosure requirements of our Local Patent Rules by offering such materials as background"); *Emcore Corp. v. Optium Corp.*, 2009 WL 3381800, at *2 (W.D. Penn. Oct. 16, 2009) ("Optium has not cited to any case, nor have I found any case, that suggests 'state of the art' does not mean state of the prior art. Moreover, 'state of the art' is

a subset of prior art."). And they have noted the practical difficulties of offering non-disclosed (and therefore non-elected) prior art only as "background" but not as invalidating references:

> As a practical matter, it would be difficult, if not impossible, for the court to limit [the expert] to a general discussion of the prior art found in his expert report while also preventing him from discussing how to combine certain elements of these references to render the asserted claims invalid.

*Hearing Components, Inc. v. Shure, Inc.*, 2008 WL 5572824, at *4 (E.D. Tex. Dec. 1, 2008).

Oracle is expected to contend, as the same attorneys contended in *Fujifilm*, that it should be permitted to rely on the compilation of non-elected prior art in Exhibits 2 and 7 not only to show "background," but also to show "the knowledge of persons of ordinary skill in the art as of March 19, 1997." But while this Court agreed that at least at the summary judgment stage of *Fujifilm*, Motorola could use non-elected references "merely as background material," it *did not* grant leave to use non-elected prior art to show "the knowledge of persons of ordinary skill in the art." *Fujifilm*, 2015 WL 757575, at *30. The Court should not expand *Fujifilm* here.

As explained in *Volterra Semiconductor*, "prior art" is defined as "knowledge that is available, including what would be obvious from it, at a given time, to a person of ordinary skill in the art." *Volterra*, 796 F.Supp.2d 1025, 1047-48; *see also, Emcore*, 2009 WL 3381800, at *2 ("'state of the art' is a subset of prior art"). The Northern District's patent "local rules did not alter these definitions, and therefore implicitly adopted them." *Id.* Thus, the "knowledge of a person of ordinary skill in the art" embodies a universe of material prior art, just as a patent embodies a universe of claims. But which specific claims and prior art may be asserted in a particular case is governed by the patent local rules, any order limiting claims and prior art, and the parties' final elections in compliance with any limiting order. When this Court limited the prior art that Oracle may assert to only elected references, it limited the number of references from the universe of prior art that constitutes "knowledge to a person of ordinary skill in the art," just as its limit on asserted claims limited the number of claims from the universe of claims in Thought's patent. Oracle's attempt to re-characterize non-elected references as "knowledge to a

person of ordinary skill in the art" logically cannot provide Oracle an "end run around" this Court's order limiting the universe of claims and prior art to only those elected by the parties. *Id.*

Thought has identified only one case in this district that suggests that use references that were not disclosed in invalidity contentions to show "knowledge of a person having ordinary skill in the art" may be permissible, *ASUS Computer Int'l. v. Round Rock Research, LLC*, 2014 WL 1463609, at *8 (N.D. Cal. April 11, 2014 (prohibiting use "as an anticipation or obviousness reference" but allowing it "for other purposes, *e.g.*, to show the knowledge of a PHOSITA"). But *ASUS* is distinguishable, because there the district court was concerned only with failure to *disclose* a reference in invalidity contentions; there was no order also limiting asserted claims and prior art, as this Court issued here and in *Fujifilm*. To permit Oracle to rely on non-elected references to show they would have been known by a person of ordinary skill in the art in Dr. Hosking's invalidity testimony would provide a unilateral escape from this Court's order limiting claims and prior art—an issue that was not presented in *ASUS*. As observed in *Hearing Components*, an expert cannot practically be limited to "a general discussion of the prior art . . . while also preventing him from discussing how to combine certain elements of these references to render the asserted claims invalid." *Hearing Components*, 2008 WL 5572824, at *4.

The line that this Court drew in *Fujifilm* is clearly delineated in Dr. Hosking's invalidity report. Pages 17-29, paragraphs 49-91, are under the heading "Technical Background and State of the Art." Dr. Hosking describes the background of the '197 Patent's technology generally in these paragraphs. Paragraphs 49-91 of Dr. Hosking's report cite some of the non-elected references to describe the "background" of the invention, and therefore to that extent would be permissible—at least "at this time," *i.e.,* the summary judgment phase of this case—under this Court's *Fujifilm* ruling. This motion does not challenge Oracle's use of the non-elected prior art references as they are expressly cited in the context of Paragraphs 49-91 of Dr. Hosking's invalidity report to show "background and state of the art."[5]

_____

[5] Paragraphs 49-91 *nowhere* cite generically to "knowledge of a person of skill in the art" or to Exhibits 2 or 7. Dr. Hosking cites "knowledge" and the Exhibits 2 and 7 non-elected prior art exclusively in paragraphs 767-915 as part of allegedly invalidating obviousness combinations.

But pages 313-360, paragraphs 767-915, are under the heading "The Asserted Claims are Invalid as Obvious."  Oracle asserts all prior art referenced in paragraphs 767-915 as obviousness combinations.  Any use of non-elected prior art in any obviousness combination described in paragraphs 767-915 is clearly prohibited by this Court's order limiting prior art references, its *Fujifilm* ruling, and Oracle's assurances that it would rely on only elected prior art.

## B.  The *KSR* case does not support use of non-elected prior art references to prove "knowledge of a person having ordinary skill in the art."

Oracle will likely argue that *KSR Intern. Co. v. Teleflex, Inc*., 550 U.S. 398 (2007) permits proof of the knowledge of a person having ordinary skill in the art to prove obviousness. In *KSR*, the Supreme Court found that all of the elements of an asserted claim were met by three prior art references.  *Id*., at 422.  *KSR* addresses the motivation to combine the obviousness references, and in so doing, rejected the Federal  Circuit's rigid "teaching, suggestion, or motivation" test.  To find a motivation to combine obviousness references, the Supreme Court observed that the obviousness analysis "need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take into account the inferences and creative steps that a person of ordinary skill in the art would employ."  *Id*. at 418.  It summarized the principles governing its obviousness jurisprudence:

> When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one.  If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability.  For the same reason, if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless tis actual application is beyond his or her skill.

*Id.,* at 417.  And the court considered the types of evidence that would be material to this flexible obviousness analysis:

> Often, it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent

reason to combine the known elements in the fashion claimed by the patent at issue. To facilitate review, this analysis should be made explicit.

*Id.*, at 418.

Thus, under *KSR* the court may consider the "interrelated teachings of multiple patents," and other evidence known to a person of skill in the art, such as known demands to the design community or the marketplace, and background knowledge of the person of ordinary skill. But to the extent that Oracle seeks to prove any of these elements using prior art references, Oracle is required to elect those references and may not rely on any non-elected references. The knowledge of persons of skill in the art includes all material prior art references, but Oracle cannot semantically escape the Court's limit on asserted prior art by electing some prior art, and then re-characterizing the rest as "knowledge." *KSR* does not provide an end-run around this Court's order limiting obviousness references to those disclosed in Oracle's final election.

**C.     Paragraphs 767-915 of Dr. Hosking's invalidity report should be stricken to the extent that they rely on non-elected references, and pages 21-41 of Exhibit 2 and all of exhibit 7 should be stricken.**

In determining whether to strike some or all of an expert report that relies on non-disclosed references, courts in this district have asked "[W]ill striking the report result in not just a trial, but an overall litigation, that is more fair, or less?" *Fujifilm*, 2015 WL 757575, at *3 (N.D. Cal. Feb. 20, 2015), citing *Apple Inc. v. Samsung Electronics Co.,* 2012 WL 2499929, at *1 (N.D. Cal. June 27, 2012); *Verinata Health*, 2014 WL 4100638, at *3. Here, striking paragraphs 767-915, pages 21-41 of Exhibit 2 and all of Exhibit 7 of Dr. Hosking's Invalidity Report clearly results in an overall litigation that is more fair than if these portions of the Invalidity Report were allowed to stand.

Since December 29, 2014, Oracle has elected five prior art references to assert against the '197 Patent: TopLink 2.0, EOF 1.1, Chang, Srinivasan, and TOG. Furthermore, although Oracle's invalidity contentions disclosed non-elected prior art, Oracle repeatedly reassured Thought that it would rely on only the five elected references for anticipation and obviousness combinations and *not* on non-elected references. It would be profoundly unfair to Thought to

now release Oracle unilaterally from the Court's order limiting both claims and prior art, and permit Dr. Hosking to testify that obviousness combinations including "knowledge" of non-elected prior art invalidate the '197 Patent.

First, Thought complied with the Court's order limiting asserted claims and prior art, and asserts only five claims of the '197 Patent here. The *quid pro quo* for Thought having to surrender other meritorious claims is that Oracle must similarly limit the number of prior art references it will assert. Oracle should not be unilaterally freed from its side of the bargain.

Second, Thought prepared its case throughout discovery and expert disclosures in reliance on Oracle's prior art elections and assurances that it would not assert any non-elected prior art. Oracle now seeks to ambush Thought with non-elected invalidity prior art at trial.

Third, the subject matter of the '197 Patent and the five elected prior art references will present technically-difficult evidence to the jury. Oracle's reliance on numerous non-elected prior art references multiplies the difficulty.

Fourth, Oracle's reliance on non-elected prior art—whether in obviousness combinations or generally as proof of "knowledge of a person of ordinary skill in the art"—will result in jury confusion. Jurors cannot be expected to compartmentalize numerous prior art references—to mentally sequester the "knowledge" non-elected prior art from the allegedly invalidating elected prior art—and rely on only the elected prior art when determining validity in their deliberations after a long trial and conflicting expert testimony.

## II. The court should grant summary judgment of dismissal on oracle's obviousness defense and counterclaim in Paragraphs 767-915 of Dr. Hosking's invalidity report.

A party is entitled to summary judgment where it "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if it could reasonably be resolved in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material where it could affect the outcome of the case. *Id.* Conclusory and speculative testimony does not raise a genuine factual dispute and is insufficient to defeat summary judgment. *Thornhill Publ'g Co. v.*

*GTE Corp.*, 594 F.2d 730, 738-39 (9th Cir. 1979).  When determining if a factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability . . . ."  *Liberty Lobby,* 477 U.S. at 254 (holding that clear and convincing evidence burden of proof applies).  Here, "the inquiry on summary judgment is whether a jury applying the clear and convincing evidence standard could reasonably find, based on the evidence produced by the accused infringer, that the claimed invention was obvious."  *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1353 (Fed. Cir. 2013).

A.    **The court should grant summary judgment on all obviousness combinations in paragraphs 767-915 of Dr. Hosking's invalidity report that rely on non-elected prior art.**

On pages 313-314, paragraphs 767-769, Dr. Hosking presents an overview of his opinions on the alleged obviousness of the asserted claims of the '197 patent, which follow in paragraphs 780-915.  In paragraph 767, he concludes that he relies on unspecified non-elected prior art to the extent that elected prior art fails to disclose any unspecified element:

> if it is determined that [elected references] TLS 2.0, EOF 1.1, Chang or Srinivasan does not disclose an element of an Asserted Claim of the '197 Patent, then it is my opinion that it would have been obvious to include that element in TLS 2.0, EOF 1.1, Chang, or Srinivasan (or a combination thereof) based on the disclosure of one or more of these other references *and/or the knowledge of a person of skill in the art on or before March 19, 1997.*

Carlson Decl., Ex. 6.  Similarly, in paragraph 768, Dr. Hosking states that in his opinion, "to the extent that any element of an Asserted Claim is determined to not be present in TLS 2.0, EOF 1.1, Chang, or Srinivasan, a person of skill in the art by March 1997 would have found any differences to be minimal, obvious, and common-sense variation."  In paragraph 769, he states that he relies on specific combinations of elected prior art *and* non-elected prior art:

> [a]s discussed in more detail herein, I also conclude that the asserted claims of the '197 patent are obvious over *the combination of* two or more of TLS 2.0, EOF, Chang, Srinivasan*, and knowledge of a person of skill in the art on or before March 19, 1997.*

*Id.*  And Dr. Hosking testified that *wherever* he refers to the "knowledge of a person of skill in the art" in his report, he is referring to the compilation of non-elected prior art in Exhibits 2 and 7 to his invalidity report.  Carlson Decl., Ex. 7 and 8.  Dr. Hosking's reliance on non-elected prior art as an integral part of his obviousness combinations cannot be disputed.

Oracle is barred from relying on non-elected prior art for obviousness combinations by this Court's order granting Oracle's motion to impose limits on asserted claims and prior art (Dkt. 50), this Court's ruling in *Fujifilm*, and its assurances to Thought that it would not rely on non-elected prior art.  Any obviousness combination that relies on non-elected prior art for any claim element not disclosed in the elected prior art cannot invalidate any asserted claim.  Furthermore, Oracle's failures to specify for any elected reference which element of an asserted claim is *not* disclosed, to specify which non-elected prior art reference *discloses* the element, and to specify where in any non-elected reference the otherwise undisclosed element *is* found, collectively fail to meet its burden under the clear and convincing evidence standard of proof.  Therefore, there can be no disputed issue of material fact as to Oracle's failure to make out a *prima facie* case of obviousness with respect to combinations that include unspecified portions of non-elected prior art.  It follows that Thought is entitled to summary judgment as a matter of law on Oracle's obviousness defense and counterclaim based on paragraphs 767-915 of Dr. Hosking's invalidity report.

> **1.     The Court should grant summary judgment on all obviousness combinations that include non-elected references in paragraphs 770-782 of Dr. Hosking's invalidity report.**

Pages 314-320, paragraphs 770-782, address Thought's answer to Oracle's interrogatory identifying elements of the asserted claims that are not disclosed in Oracle's elected prior art references.  In paragraph 770, Dr. Hosking states that in his opinion "each of the elements that Plaintiff alleges is not disclosed by [elected references] TLS 2.0, EOF 1.1, Chang, or Srinivasan was well-known to a person of skill in the art on or before March 19, 1997," citing to his exhibits including Exhibits 2 and 7.  Paragraphs 771-773 and 776 expressly rely on the non-elected references of Exhibit 7.  Paragraph 777-778 rely on non-elected art "known to a person of skill in

the art on or before March 19, 1997," including specifically TopLink 4.0 and Exhibit 7 generally. Paragraph 780 relies on "functionalities known to a person of skill in the art on or before March 19, 1997," and paragraphs 781-782 provide examples in TopLink for Smalltalk 2.1, TopLink for Smalltalk 2.1.1, TopLink 4.0, and TopLink for Smalltalk .0, as well as citing generally to Exhibit 7, none of which is elected prior art. Carlson Decl., Ex. 6.

Furthermore, Dr. Hosking fails to specify which elements are not disclosed in any elected reference, fails to specify which non-elected reference in the hundred pages of Exhibits 2 and 7 discloses the otherwise undisclosed elements, and fails to specify where in any non-elected reference the otherwise undisclosed elements are disclosed. To the extent that Oracle relies on Exhibits 2 and 7 and unspecified "knowledge" including non-elected prior art in paragraphs 840-842, the Court should grant summary judgment.

> ### 2. The Court should grant summary judgment on all "query by object/query by example" obviousness combinations that include non-elected references in paragraphs 783-795 of Dr. Hosking's invalidity report.

Pages 320-326, paragraphs 783-795, recite obviousness combinations that incorporate "query by object/query by example" functionality based in part upon non-elected references. Throughout, Dr. Hosking relies on Exhibit 7 generally, and on certain specific non-elected references recited in Exhibit 7, including TopLink for Smalltalk 1.0. *Id*., ¶¶ 784, 787. Paragraph 790 relies on Exhibit 7 "to the extent it is determined that any of these [elected] references do not explicitly or implicitly disclose query by object and/or query by example functionalities," to establish that "[d]oing so would have been well-known and common sense to a person of skill in the art of the '197 Patent by March 1997." *Id*. Paragraphs 791-795 rely on "knowledge of a person of skill in the art at that March 19, 1997] time" for obviousness combinations for each of the other limitations of the asserted claims. *Id*.

Furthermore, Dr. Hosking fails to specify which elements are not disclosed in any elected reference, fails to specify which non-elected reference in the hundred pages of Exhibits 2 and 7 discloses the otherwise undisclosed elements, and fails to specify where in any non-elected

reference the otherwise undisclosed elements are disclosed. To the extent that Oracle relies on Exhibits 2 and 7 and unspecified "knowledge" including non-elected prior art in paragraphs 783-795 of Dr. Hosking's invalidity report, the Court should grant summary judgment.

      **3.**     **The Court should grant summary judgment on all "converting between types by using metadata/passing data between methods" obviousness combinations that include non-elected references in paragraphs 796-824 of Dr. Hosking's invalidity report.**

      Pages 326-336, paragraphs 796-824 , recite obviousness combinations that incorporate "converting between types by using meta data/passing data between methods" functionality based in part on non-elected references. Paragraphs 796 and 797 rely in part on Exhibit 7, and paragraphs 800 and 801 also rely on Exhibit 7 and, in particular, the non-elected COMan and TopLink 4.0 references. Paragraphs 805-807 and 809-810 likewise rely on Exhibit 7, and paragraph 812 relies on "knowledge." The intervening paragraphs refer back to previous paragraphs that rely on the non-elected prior art. *See, Id.*, ¶¶ 798-799, 802-804, 808, 811 and 813. Finally, paragraphs 814-824 all rely on "the knowledge of a person of skill in the art at that [March 19, 1997] time," thereby incorporated the non-elected art of Exhibits 2 and 7.

      Furthermore, Dr. Hosking fails to specify which elements are not disclosed in any elected reference, fails to specify which non-elected reference in the universe of prior art in exhibits 2 and 7 discloses the otherwise undisclosed elements, and fails to specify where in any non-elected reference the otherwise undisclosed elements are disclosed. To the extent that Oracle relies on Exhibits 2 and 7 and unspecified "knowledge" including non-elected prior art in paragraphs 796-824 of Dr. Hosking's invalidity report, the Court should grant summary judgment.

      **4.**     **The Court should grant summary judgment on all "runtime interchangeability" obviousness combinations that include non-elected references in paragraphs 825-839 of Dr. Hosking's invalidity report.**

      Pages 336-342, paragraphs 825-839, recite obviousness combinations that incorporate "runtime interchangeability – interfaces, adapters, adapter abstraction layer" functionality based in part on non-elected references. Paragraphs 826-827 rely generally on Exhibits 2 and 7, and in particular, on specific non-elected references such as Martel, COMan, the Odapter language,

Distributed Smalltalk, Secant Persistent Manager, DBKit (a predecessor of the elected EOF 1.1 reference), and other non-elected references. Paragraph 828-829 rely on "the knowledge of the skilled artisan" and "knowledge of a person of skill in the art" on or before March 19, 1997, thereby incorporating that portion of Exhibit 2 and all of Exhibit 7. Paragraph 830 relies on the non-elected DBKit reference, and paragraph 831 relies on all of the preceding paragraphs and "knowledge of a person of skill in the art on or before March 19, 1997." Paragraph 833 relies on "knowledge of a person of skill in the art" and Exhibit 7, and 835-839 rely on "knowledge of a person of skill in the art" to the extent that the elected references do not meet the limitations of the asserted claims. Carlson Decl., Ex. 6.

Furthermore, Dr. Hosking fails to specify which elements are not disclosed in any elected reference, fails to specify which non-elected reference in the universe of prior art discloses the otherwise undisclosed elements, and fails to specify where in any non-elected reference the otherwise undisclosed elements are disclosed. To the extent that Oracle relies on Exhibit 7 and unspecified "knowledge" including non-elected prior art in paragraphs 825-839 of Dr. Hosking's invalidity report, the Court should grant summary judgment. *Id.*

5. **The Court should grant summary judgment on all "object schema comprising a possible arbitrary joining" combinations that include non-elected references in paragraphs 840-842 of Dr. Hosking's invalidity report.**

Pages 342-344, paragraphs 840-842, recite obviousness combinations that incorporate "object schema comprising a possible arbitrary joining of data store content across at least one data store" functionality based in part on non-elected references. Paragraph 840 relies on Exhibit 7 generally and in particular the non-elected TopLink 4.0 reference; and paragraph 841 relies on "knowledge of a person of skill in the art," which incorporates Exhibit 7. Paragraph 842 relies on "knowledge of a person of skill in the art at that [March 19, 1997] time" to the extent that elected references fail to disclose this functionality. *Id.*

Furthermore, Dr. Hosking fails to specify which elements are not disclosed in any elected reference, fails to specify which non-elected reference in the universe of prior art discloses the

otherwise undisclosed elements, and fails to specify where in any non-elected reference the otherwise undisclosed elements are disclosed. To the extent that Oracle relies on Exhibits 2 and 7 and unspecified "knowledge" including non-elected prior art in paragraphs 840-842 of Dr. Hosking's invalidity report, the Court should grant summary judgment.

### 6. The Court should grant summary judgment on all obviousness combinations disclosed in paragraphs 843-915 of Dr. Hosking's invalidity report.

Pages 344-360, paragraphs 843-915, recite thirteen specific obviousness combinations under subheadings 7-20. Each subheading respectively describes one obviousness combination consisting of (1) one or more elected reference(s) *plus* (2) "the knowledge of a person of skill in the art of the '197 Patent by March 1997" that in his opinion "renders obvious the Asserted Claims of the '197 Patent." Carlson Decl. Ex. 6, at 344-360. Each of the thirteen combinations in paragraphs 843-915 references Dr. Hosking's description "of the knowledge of a person of skill in the art of the '197 Patent by March 1997 above," thereby incorporating all of the Exhibits 2 and 7 non-elected references discussed in preceding paragraphs. *Id.*

Furthermore, Dr. Hosking fails to specify which elements are not disclosed in any elected reference, fails to specify which non-elected reference in the universe of prior art discloses the otherwise undisclosed elements, and fails to specify where in any non-elected reference the otherwise undisclosed elements are disclosed. For example, subheading 7, paragraphs 843-844 addresses the obviousness combination of "TLS 2.0 and Knowledge," as follows:

> 7. **TLS 2.0 and Knowledge Render Claims 1, 3, 5, 7, and 8 of the '197 Patent Invalid as Obvious**
>
> 843. As discussed above, it is my opinion that TLS 2.0 anticipates the Asserted Claims of the '197 Patent. If, however, it is determined that TLS 2.0 does not anticipate an Asserted Claim of the '197 Patent, it is my opinion that the Asserted Claim is rendered obvious by TLS 2.0 and the knowledge of the skilled artisan by March 1997. For example, I discussed some of the knowledge of a person of skill in the art of the '197 Patent by March 1997 above and provided reasons why a person of skill in the art would have been motivated to combine such knowledge with TLS 2.0. For at least the reasons I describe herein, it is my opinion that TLS 2.0 and the knowledge of a person of skill in the art of the '197 Patent by March 1997 renders obvious the Asserted Claims of the '197 Patent.
>
> 844. For example, implementing query-by-object in systems like EOF and TLS would have been within the general knowledge of one of ordinary skill in the art at the time. As I explain in other parts of this report, one of ordinary skill in the art at the time had both the skills and the motivation to do this, without needing an explicit teaching from any particular reference.

Dr. Hosking, confirmed in his deposition on February 3, 2016, that his position in paragraphs 843 and 844 is that all of the elements of all the claims are met within the body of "such knowledge":

> Q. What particular element of any of those claims 1, 3, 5, 7, and 8 are you referring to when you say a person would have been motivated to combine such knowledge with TopLink for Smalltalk 2.0 or are you referring -- are you implying -- relying on the knowledge to meet all of the elements of all of those claims?
>
> A. I believe that's what that paragraph is saying, yes.

Carlson Decl., Ex. 9, Hosking Tr., 138: 22-139:11. But Dr. Hosking fails to disclose what elements of the asserted claims are missing from TLS 2.0, what specific references within the universe of "knowledge" prior art supply the missing elements, and where specifically in those references the otherwise undisclosed elements may be found.

As another example, Dr. Hosking is even more inscrutable in subheading 19, which describes an obviousness combination of TLS 2.0, EOF 1.1, Chang, Srinivasan, and "Knowledge," as follows:

> 19. **TLS 2.0, EOF 1.1, Chang, Srinivasan, and Knowledge Render Claims 1, 3, 5, 7, and 8 of the '197 Patent Invalid as Obvious**
>
> 893. For at least the same or similar reasons discussed above with respect to TLS 2.0, EOF 1.1, Chang, Srinivasan, and/or Knowledge, it is my opinion that it would have been obvious to combine TLS 2.0, EOF 1.1, Chang, Srinivasan, and Knowledge and that such a combination renders obvious the Asserted Claims of the '197 Patent.

Carlson Decl. Ex. 6, at 355. Paragraphs 17 and 18 are identical with respect to the combinations of "TLS 2.0, Chang, Srinivasan, and Knowledge" and the combination of "EOF1.1, Chang, Srinivasan, and Knowledge." Again, Dr. Hosking does not specify which reference he relies upon for which element of an asserted claim, which elements are not disclosed in the elected references, specifically which references within the universe of "knowledge" prior art disclose the missing elements, or where specifically in the "knowledge" references the undisclosed element may be found.

These same issues are equally present in all of the thirteen obviousness combinations that expressly incorporate non-elected references in paragraphs 843-915. For each and every one of the thirteen specific obviousness combinations in paragraphs 843-915 of his invalidity report, Dr. Hosking relies on the "knowledge" part of Exhibit 2 and all of Exhibit 7, and unspecified "knowledge" including non-elected prior art as an integral part of the combination. He never specifies which elected (or even non-elected) reference he relies upon for which element of any asserted claim. Therefore, the Court should grant summary judgment.

**B.** **The Court should grant summary judgment on the remaining obviousness combinations in paragraphs 767-915 of Dr. Hosking's invalidity report because they do not make a *prima facie* case of obviousness relying on only elected prior art for any asserted claim.**

Stripped of obviousness combinations that include non-elected prior art, what remains of paragraphs 767-915 of Dr. Hosking's invalidity report fails to make out a *prima facie* case of obviousness. Accordingly, the Court should grant summary judgment of dismissal as to Oracle's obviousness defense and counterclaim.

Pages 313-314, paragraphs 767-769, subheading 1, is Dr. Hosking's overview, which states in a conclusory manner that if any unspecified element of any unspecified asserted claim of the '197 patent is not disclosed in any combination of elected references, it would have been obvious based on unspecified "knowledge of a person of skill in the art on or before March 19, 1997," *i.e.,* non-elected prior art. These paragraphs do not specify which elected reference meets

which limitation of any asserted claim, and therefore do not make out a *prima facie* case of obviousness as to any combination of elected references for any asserted claim.

Pages 314-320, paragraphs 770-782, subheading 2, is Dr. Hosking's response to Thought's answer to Oracle's interrogatory in which Thought identified specific elements that are not disclosed in each of the elected references.[6] These paragraphs do not specify any obviousness combinations for all elements of any asserted claim, and therefore they do not make out a complete *prima facie* case of obviousness as to any combination of elected prior art for any asserted claim.

Pages 320-326, paragraphs 783-795, subheading 3, address Dr. Hosking's opinion that "query by object/query by example" is a functionality that meets some unspecified limitation of the asserted claims. Paragraphs 783-790 address this functionality, without addressing any other limitation of any asserted claim, and therefore do not make out a *prima facie* case of obviousness as to any combination of elected prior art for any asserted claim.[7] Paragraphs 791-795 address some—*but not all*—of the other claim limitations of some—*but not all*—asserted claims.[8] Therefore paragraphs 783-795, in combination, do not make out a complete *prima facie* case of obviousness as to any combination of elected references for any asserted claim.

Pages 326-336, paragraphs 796-824, subheading 4, address Dr. Hosking's opinion that "converting between types by using metadata/passing data between methods" is a functionality that meets an unspecified limitation of the asserted claims. Paragraphs 796-813 address this functionality, without addressing any other limitation of any asserted claim and therefore do not make out a *prima facie* case of obviousness as to any combination of only elected references.[9] Paragraphs 814-824 address some—*but not all*—of the other claim limitations of some—*but not*

---

[6] Paragraphs 770-773, 776-778, 780-782 are all permeated with citations to non-elected prior art.

[7] Paragraphs 783-784, 786-787, and 789-790 are all permeated with citations to non-elected prior art.

[8] They rely on unspecified portions of unspecified references within the universe of "the knowledge of a person of skill in the art."

[9] Paragraphs 796-797, 800-803, 805-807, 809-910, and 812 are permeated with citations to non-elected prior art.

*all*—asserted claims.[10]  Therefore paragraphs 796-824, in combination, do not make out a complete *prima facie* case of obviousness as to any combination of only elected references for any asserted claim.

Pages 336-342, paragraphs 825-839, subheading 5, address Dr. Hosking's opinion that runtime interchangeability, interfaces, adapters, and the adapter abstraction layer are obvious limitations of the asserted claims.[11]  Paragraphs 825-839 discuss only the foregoing limitations, without discussing any other limitations of any other asserted claims.  Therefore, they fail to make out a complete *prima facie* case of obviousness as to any combination of only elected references for any asserted claim.

Pages 342-344, paragraphs 840-842, subheading 6, address Dr. Hosking's opinion that that the "object schema comprising a possible arbitrary joining of data store content across at least one data store" limitation recited only in claim 5 of the '197 patent would have been obvious.[12]  Claim 5 depends from claims 1 or 3, and therefore incorporates all of the limitations of claims 1 or 3.  But paragraphs 840-842 do not discuss any other limitation of claim 5, and do not discuss any other asserted claim, so they do not make out a complete *prima facie* case of obviousness of any asserted claim as to any combination of only elected references.

Finally, pages 344-360, paragraphs 843-915, subheadings 7-20, address Dr. Hosking's opinions that thirteen distinct combinations of (1) one or more elected references, <u>*plus*</u> (2) "knowledge," *i.e.*, non-elected references, render the asserted claims obvious.  Each of the thirteen obvious combinations in paragraphs 834-915 explicitly relies on non-elected references as an integral part of each alleged obviousness combination.  Therefore, paragraphs 843-915 fail to make out a complete *prima facie* case of obviousness as to any combination of only elected references for any asserted claim.

---

[10] They rely on unspecified portions of unspecified references within the universe of "the knowledge of a person of skill in the art."

[11] Paragraphs 826-831, 833, and 835-839 are permeated with citations to non-elected prior art.

[12] Paragraphs 842-844 are permeated with citations to non-elected prior art.

# CONCLUSION

For all of the above reasons, Thought requests that the Court enter an order striking paragraphs 767-915, pages 21-41 of Exhibit 2, and all of Exhibit 7 of Dr. Hosking's invalidity report, and prohibiting Oracle from relying on non-elected prior art to prove "the knowledge of persons of ordinary skill in the art." And Thought requests that the Court enter partial summary judgment on Oracle's obviousness defenses to the extent that they rely on combinations that include non-elected prior art. A proposed order is submitted with this motion.

Dated: February 25, 2016

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____ */s/ Steve Berman* _____

Steve Berman (*Pro Hac Vice*)
Mark S. Carlson (*pro hac vice*)
Nicholas S. Boebel (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com
nickb@hbsslaw.com


Jeff D. Friedman (173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94170
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com


Kelly G. Hyndman (*Pro Hac Vice*)
Chandran Iyer (*Pro Hac Vice*)
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20037
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
khyndman@sughrue.com
cbiyer@sughrue.com


*Attorneys for Plaintiff Thought, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 25, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Steve Berman*
Steve Berman