1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                      NORTHERN DISTRICT OF CALIFORNIA

7   THOUGHT, INC.,

            Plaintiff,                        Case No. 12-cv-05601-WHO

8

9        v.

                                              **ORDER DENYING MOTION FOR**
10  ORACLE CORPORATION, et al.,                **ATTORNEY'S FEES**

            Defendants.                        Re: Dkt. Nos. 242, 243
11

12          Thought sued Oracle for patent infringement.  Having won on summary judgment, Oracle

13  moves for an award of attorney's fees arguing that this case is exceptional under 35 U.S.C. § 285

14  in light of Thought's litigation conduct, namely Thought's reliance at summary judgment on

15  "tardy, improper infringement theories" that Oracle spent $163,907.25 in moving to strike and

16  contesting on the merits.  In light of Thought's questionable financial situation, Oracle also seeks

17  to have those fees assessed against plaintiff's counsel under the vexatious litigation statute, 28

18  U.S.C. §1927.  As explained below, because Thought's conduct in this case was not

19  "exceptional," I DENY Oracle's motion for attorney's fee.

20                                **BACKGROUND**

21          At the time the parties moved for summary judgment, the main issue remaining was

22  whether Oracle's products – TopLink 10, TopLink Essentials, TopLink 11, TopLink 12, and

23  EclipseLink – infringed Claims 1, 3, 5, 7 and 8 of Thought's '197 Patent.  Oracle moved for

24  summary judgment on non-infringement and in conjunction moved to strike portions of Thought's

25  expert's declaration on the grounds that Thought failed to disclose three of its infringement

26  theories as required under my orders and the Local Patent Rules and in contravention my October

27  7, 2015 Order striking infringement contentions.  Dkt. Nos. 202, 205.  Thought also moved for

28  partial summary judgment on Oracle's obviousness/combination defense, and relatedly moved to

United States District Court
Northern District of California

1   strike certain prior art combinations it contended Oracle impermissibly relied on in violation of

2   my October 7 Order and the Local Patent Rules.

3          On Oracle's motions, I agreed that Thought was attempting to defeat Oracle's showing of

4   non-infringement by relying on expert-supported infringement theories that were either (i)

5   prohibited by my October 7th Order striking non-JPA infringement theories, or (ii) not adequately

6   disclosed by Thought.  Reviewing Thought's one remaining, properly disclosed infringement

7   theory, I granted summary judgment of non-infringement to Oracle.[1]   Oracle now moves to

8   recover its attorney's fees incurred in order to defend against those stricken non-infringement

9   theories.

10                                          **LEGAL STANDARD**

11   **I.       35 U.S.C. § 285**

12          Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees

13   to the prevailing party." 35 U.S.C. § 285. An "exceptional" case is "simply one that stands out

14   from others with respect to the substantive strength of a party's litigating position (considering

15   both the governing law and the facts of the case) or the unreasonable manner in which the case

16   was litigated." *Octane Fitness, LLC v. ICON Health Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014).

17   "[D]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of

18   their discretion, considering the totality of the circumstances." *Id*. While there is no precise rule or

19   formula for finding a case exceptional, the Supreme Court has identified a non-exclusive list of

20   factors a district court may consider in evaluating whether a case is exceptional, including

21   "frivolousness, motivation, objective unreasonableness (both in the factual and legal components

22   of the case) and the need in particular circumstances to advance considerations of compensation

23   and deterrence." *Id*. at 1756 n.6.

24   **II.      28 U.S.C. § 1927**

25          Under 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any

26   court of the United States or any Territory thereof who so multiplies the proceedings in any case

27

28   _____
[1] I did not, therefore, reach Thought's motion for summary judgment on Oracle's
    invalidity/obviousness defense and Thought's related motion to strike.

United States District Court
Northern District of California

1    unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

2    expenses, and attorneys' fees reasonably incurred because of such conduct." "[S]ection 1927

3    sanctions 'must be supported by a finding of subjective bad faith.'. . . 'Bad faith is present when

4    an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for

5    the purpose of harassing an opponent.'" *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436

6    (9th Cir. 1996) (quoting *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th

7    Cir.1989) and *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986)); s*ee also, Blixseth v.*

8    *Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (a finding of subjective

9    bad faith required for sanctions under § 1927, which could be met with a showing of: (i) a reckless

10   and frivolous argument; or (ii) a meritorious claim made with the purpose of harassing the

11   opponent).

## DISCUSSION

13        Oracle's motion does not challenge the strength of Thought's litigation position, but

14   instead the manner of litigation based on Thought's last-minute reliance on new infringement

15   theories in its expert report that I struck on summary judgment.  Oracle argues that "but for"

16   Thought's "misconduct," Oracle's expert report, expert discovery, and motion for summary

17   judgment would have been much more focused, "as Thought had asserted only one properly

18   disclosed JPA-based infringement theory."  Mot. 2.  Instead, Oracle was required to address the

19   new infringement theories and spend "significant expert and attorney resources analyzing and

20   moving to strike the improper theories."  *Id.*

21        Oracle argues that Thought's justifications for relying on the three new theories – that they

22   were all JPA-based and adequately disclosed and, if not, were nonetheless allowed by the parties'

23   stipulation – were not in good faith as shown by my description of Thought's conduct in the

24   summary judgment Order as "gamesmanship" and its infringement theories as "continuously

25   shifting."  June 13, 2016 Summary Judgment Order (Dkt. No. 234) at 9, 22.  Oracle also points out

26   that the June 2016 Summary Judgment Order was the second time Thought had had infringement

27   theories stricken for belated disclosure, the first being in the October 2015 Order.  Oracle contends

28   that in light of the October Order, Thought was on notice of its obligations to adhere to the Patent

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    Local Rules and my orders regarding its infringement theories.

2         Under *Octane Fitness* "a district court may award fees in the rare case in which a party's

3    unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so

4    'exceptional' as to justify an award of fees." *Octane Fitness*, 134 S.Ct. at 1756–57; *see also Old*

5    *Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 549 (Fed.Cir.2011) ("litigation

6    misconduct generally requires proof of "unethical or unprofessional conduct by a party or his

7    attorneys during the course of adjudicative proceedings").

8         This is not such an exceptional case.  I disagree with Oracle's argument that the facts of

9    this case are similar to those in *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2014 WL

10   3956703 (N.D. Cal. Aug. 12, 2014).  There, the plaintiff asserted an undisclosed infringement

11   theory in its expert report and in reviewing plaintiff's conduct, the court concluded that the case

12   was exceptional because "Kilopass litigated the present action in an unreasonable manner by

13   failing to conduct an adequate pre-filing investigation, shifting its theories of infringement late in

14   the litigation and without following the proper procedures for amendment of contentions, and

15   engaging in conduct that at times amounted to gamesmanship." *Id*. at *14.

16        The totality of the circumstances in that case were more egregious than this one because

17   there plaintiff failed to conduct an adequate pre-filing investigation, its theories of infringement

18   were objectively baseless, and its claims for literal infringement were "exceptionally meritless."

19   *Id*.;  *see also Kinglite Holdings, Inc. v. Micro-Star Int'l Co. Ltd*.14-3009-JVS(PJWx), Dkt. No.

20   235, *12 (C.D. Cal. June 23, 2016) (exceptional case finding under totality of circumstances

21   where plaintiff failed to perform adequate pre-suit investigation, failed to dismiss unsupportable

22   direct infringement claims once litigation commenced forcing opponent to incur costs on a theory

23   plaintiff implicitly acknowledged was baseless, included expert opinions on excluded

24   infringement contentions, included expert opinions relying on claim constructions contrary to ones

25   issued by the court, and failed to provide infringement contentions for accused products).

26        The allegedly improper conduct in this case is closer to conduct that did not merit an

27   "exceptional" case determination in *France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-

28   CV-04967-WHO, 2015 WL 4396201, at *3 (N.D. Cal. July 17, 2015), where I declined to find a

United States District Court
Northern District of California

1  case exceptional even though the plaintiff attempted to present evidence that was prohibited by my

2  prior rulings.  I explained that "the excluded evidence that France Telecom sought to present or

3  improperly presented was important to its case and it argued in good faith that the evidence was

4  outside the scope of my prior rulings. I ultimately disagreed, but France Telecom's attempts to

5  introduce the evidence do not make this matter exceptional."  *Cf. JS Products, Inc. v. Kabo Tool*

6  *Co.,* 2014 WL 7336063, at *5 (D. Nev. Dec. 22, 2014) ("ill-advised litigation tactics," including

7  weak discovery motions, "do not justify the award of attorney's fees").

8       Here, I ultimately agreed with Oracle that Thought could not rely on the belatedly

9  disclosed or barred infringement theories.  But Thought's conduct does not, in absence of other

10  circumstances, make this case an exceptional one justifying a fee award.[2]

11                    **CONCLUSION**

12       For the foregoing reasons, Oracle's's motion for an award of attorney's fees is DENIED.

13       **IT IS SO ORDERED**.

14  Dated: August 22, 2016

15  _____

16  WILLIAM H. ORRICK
    United States District Judge

17

18

19

20

21

22

23

24

---

[2] In conjunction with its motion seeking an award of attorney's fees, Oracle filed an administrative
25  motion to seal Exhibit G to the Declaration of James Gilliland.  Dkt. No. 242.  Exhibit G contains
    financial data that Thought designated "confidential – attorney's eyes only" under the parties'
26  Protective Order.  Under this Court's Civil Local Rules, Thought was required to file a declaration
    in support of that sealing request.  Civ. L.R. 79-5(e)(1).  Thought has not filed the required
27  declaration.  If Thought wants to keep Exhibit G sealed, within four days of the date of this Order,
    Thought must submit a declaration establishing good cause for the continued sealing.  If Thought
28  does not file a declaration in support within four days of the date of this Order, Exhibit G will be
    unsealed.

5